# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————

No. 03-3464

—————

Martha Wondimu Alemu,                     *
                                          *
        Petitioner,                       *
                                          *   Petition for Review of an
v.                                        *   Order of the Board of
                                          *   Immigration Appeals.
Alberto Gonzales,                         *
                                          *
        Respondent.                       *

—————

Submitted: October 22, 2004
Filed:   April 8, 2005

—————

Before LOKEN, Chief Judge, MAGILL and BENTON, Circuit Judges.

—————

LOKEN, Chief Judge.

Petitioner Martha Wondimu Alemu is a citizen of Ethiopia. Ms. Alemu came to the United States in October 1999 to receive medical care for an eye condition. When she overstayed her six-month visa, the Immigration and Naturalization Service (now Immigration and Customs Enforcement) commenced removal proceedings. Ms. Alemu conceded she was removable and requested asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), claiming past persecution and a well-founded fear of future persecution in Ethiopia because of her Oromo ethnicity and past support of the Oromo Liberation Front ("OLF"), a political group that has violently opposed the present government since 1992. The immigration

judge ("IJ"), in a thorough opinion, denied relief after finding significant aspects of Ms. Alemu's testimony not credible. The Board of Immigration Appeals affirmed without opinion, making the IJ's decision the final agency order for purposes of judicial review. See 8 U.S.C. § 1252(a)(1). We deny Ms. Alemu's petition for review of that order.

## I. Asylum Claim

The Attorney General has discretion to grant asylum to a "refugee." 8 U.S.C. § 1158(b)(1). A refugee is an alien who is unable or unwilling to return to her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). An applicant who establishes past persecution is entitled to a presumption that her fear of future persecution is well-founded. See 8 C.F.R. § 208.13(b)(1). We must affirm a decision denying asylum if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). To obtain reversal, Ms. Alemu must show "that the evidence [she] presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Id. at 483-84. We defer to the IJ's credibility findings if they are "supported by a specific, cogent reason for disbelief." Perinpanathan v. INS, 310 F.3d 594, 597 (8th Cir. 2002).

Past persecution. Ms. Alemu testified that her father, who died in 1984, was a founder of the OLF; that she joined the OLF in 1991 while in college and worked for the group until 1996; and that her brother has been fighting for the OLF against the Ethiopian government since 1993. After graduating from college in 1993, Ms. Alemu obtained a secretarial job with a government agency which she held until 1998, when her boss lured her to the office one weekend and raped her. She told no one but her mother of the rape but quit one week after the incident. To cover his

misdeed, Ms. Alemu testified, the boss accused her of taking documents from the agency and giving them to the OLF. He had learned that Ms. Alemu supported the OLF after she refused to join the government-sponsored political party to which he belonged. The security police then arrested and imprisoned her for one month. Though never beaten or tortured in prison, she was questioned for two weeks about her family's activities in the OLF. She was released when she contracted typhoid fever from the unsanitary prison conditions, resulting in a significant loss of vision.

Ms. Alemu argued that she proved past persecution because the rape and subsequent arrest and detention were based upon her ethnicity and her support of and membership in the OLF. The IJ rejected this contention. Noting that Ms. Alemu's attorney had tried and failed to obtain corroborating evidence from human rights organizations active in Ethiopia, and from other sources, the IJ discredited her "general and meager testimony" regarding her claimed membership in the OLF, her detention in 1998, and her claims that her father was a founding member of the OLF and her brother is a fighter for the OLF army. The IJ noted some inconsistencies in Ms. Alemu's testimony about the rape and found, in any event, that Ms. Alemu "testified that the boss did not say why he was raping her. . . . Accordingly, even if she was raped, which is a horrible act, [she] has failed to connect such an act to any protected basis under the asylum laws of the United States." After careful review of the record, we conclude that the credibility findings are supported by cogent reasons and the ultimate findings are supported by substantial evidence. Therefore, the denial of Ms. Alemu's claim of past persecution must be upheld.

Future Persecution. When an applicant fails to prove past persecution, she must prove a fear of future persecution that is both objectively and subjectively well-founded. See Tawm v. Ashcroft, 363 F.3d 740, 743 (8th Cir. 2004). Ms. Alemu argues that she proved a well-founded fear based upon her testimony that she was a member of the OLF in Ethiopia who has continued to support the OLF since coming to the United States; her father was an OLF founder; her brother is in the OLF army;

she was raped and detained on account of her political opinion; and her mother has twice been detained since she left the country.

The IJ found that Ms. Alemu failed to prove a well-founded fear of future persecution on account of her ethnicity or political beliefs. The IJ discredited Ms. Alemu's unsupported claim that her mother has twice been detained in recent years and discounted the testimony of OLF involvement. The IJ found it significant that Ms. Alemu held a government job for many years and obtained a valid passport and exit visa in February 1999 but did not leave Ethiopia to seek medical treatment in the United States until October 1999. Rather than establish a well-founded fear, the IJ found that Ms. Alemu "has made up, embellished, stories of OLF participation of her and her family members so as to create a claim for asylum in the United States."

On appeal, Ms. Alemu criticizes the IJ's adverse credibility findings and then assumes the truth of all her testimony in arguing that she proved a well-founded fear of future persecution. However, the IJ gave cogent reasons for discrediting Ms. Alemu's essentially unsupported claims of persecution or fear of persecution on account of her ethnicity and support of the OLF. Department of State reports in the administrative record state that the Oromos are the largest ethnic group in Ethiopia, that Oromos are not persecuted for their ethnicity alone, and that rank-and-file membership in the OLF is tolerated. The IJ "reasonably may rely upon the State Department's assessment of current country conditions as they relate to the likelihood of future persecution, given the Department's expertise in international affairs." Navarijo-Barrios v. Ashcroft, 322 F.3d 561, 564 (8th Cir. 2003). Ms. Alemu remained in Ethiopia for years after she testified that she first began to fear the government. Her mother, sisters, aunts and uncles, and her adopted daughter continue to live in Ethiopia unharmed -- except for alleged detentions of the mother that the IJ found not credible -- despite being OLF members related to an alleged OLF founder. On this record, substantial evidence clearly supports the IJ's ultimate

finding that Ms. Alemu failed to prove that she has a well-founded fear of future persecution if removed to Ethiopia.

## II. Withholding of Removal Claim

To be eligible for withholding of removal, Ms. Alemu must show that her "life or freedom would be threatened" in Ethiopia "because of [her] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). The burden of proof that an alien is eligible for withholding of removal is more demanding than that for asylum -- here, Ms. Alemu must prove a "clear probability" of persecution on account of her ethnicity or OLF membership if she is removed to Ethiopia . See Krasnopivtsev v. Ashcroft, 382 F.3d 832, 840 (8th Cir. 2004). As Ms. Alemu failed to meet the less demanding burden of proof for asylum, we must likewise uphold the denial of her claim for withholding of removal.

## III. Convention Against Torture Claim

An alien is eligible for relief under the CAT if she shows "that it is more likely than not . . . she would be tortured if removed to the proposed country of removal," here, Ethiopia. 8 C.F.R. § 208.16(c)(2). Torture is narrowly defined as an extreme form of cruel and inhuman treatment intentionally inflicted by or with the acquiescence of a public official. See 8 C.F.R. § 208.18(a)(1); Aden v. Ashcroft, 396 F.3d 966, 969 (8th Cir. 2005). Ms. Alemu argues that she proved past torture by her testimony of brutal rape and detention under inhumane prison conditions. But the IJ found this testimony for the most part not credible. Moreover, Ms. Alemu's testimony that she was raped, if credited, proves a single criminal act by one individual but not the likelihood of future torture. See Ngure v. Ashcroft, 367 F.3d 975, 992-93 (8th Cir. 2004); Melgar de Torres v. Reno, 191 F.3d 307, 313 (2d Cir. 1999). Substandard prison conditions are not a basis for CAT relief "unless they are intentionally and deliberately creat[ed] and maintain[ed] . . . in order to inflict

torture." In re J-E-, 23 I. & N. Dec. 291, 301 (BIA 2002). Unlike the Ethiopian petitioner in Zewdie v. Ashcroft, 381 F.3d 804 (8th Cir. 2004), Ms. Alemu was not repeatedly beaten with whips and sticks while in prison, nor was she threatened with reprisal if she left the county.

Finally, Ms. Alemu urges us to remand her CAT claim because the IJ did not independently analyze this request for relief. See Habtemicael v. Ashcroft, 370 F.3d 774 (8th Cir. 2004). However, separate analysis is required only when there is evidence that the alien might be tortured for reasons unrelated to her claims for asylum and withholding of removal, such as previously deserting the military of the country to which she will be removed. Aden, 396 F.3d at 969. Here, Ms. Alemu presented the same factual basis for all three claims. Therefore, the IJ's adverse findings that warranted denial of asylum and withholding of removal warrant the denial of CAT relief as well. Those findings are supported by substantial evidence on the administrative record as a whole. The denial of CAT relief must be upheld.

We deny the petition for review.

_____