# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-3001

———————

Mohamed Ahmed Said,     *
           *
    Petitioner,     *
           *   Petition for Review
  v.         *   of an Order of the
           *   Board of Immigration Appeals.
Alberto Gonzales,[1] Attorney General   *
of the United States,     *    [UNPUBLISHED]
           *
    Respondent.     *

———————

Submitted: August 5, 2005
Filed: August 15, 2005

———————

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

———————

PER CURIAM.

   Mohamed Ahmed Said, a native of Somalia, petitions for review of an order of the Board of Immigration Appeals (BIA), which as relevant affirmed without

_____

[1]Alberto Gonzales has been appointed to serve as Attorney General of the United States, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

opinion an Immigration Judge's (IJ's) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT).[2]

Mr. Said applied for asylum based on his membership in the Darod tribe and Marehan sub-clan and his flight from Somalia in 1991 at the start of that country's civil war. After a merits hearing, the IJ denied asylum after finding that Mr. Said had not shown past persecution, and he also had not shown a well-founded fear of future persecution as his fear was a general one based on civil unrest and he had not established a countrywide threat of persecution. In reaching her conclusions, the IJ pointed to information in State Department reports from 2000 and 2002. The IJ also denied withholding of removal and CAT relief because Said failed to show that if returned to Somalia it was more likely than not he would be persecuted on a protected ground or he would be tortured by the government or someone acting on behalf of the government. The IJ granted temporary protected status under 8 U.S.C. § 1254a.

After carefully reviewing the record, we deny Mr. Said's petition. See Menendez-Donis v. Ashcroft, 360 F.3d 915, 917-19 (8th Cir. 2004) (standard of review). The IJ's finding of no past persecution is supported by substantial evidence because, although Mr. Said understandably fled Somalia at the start of that country's civil war, he testified that he was not harmed. See Hassan v. Ashcroft, 388 F.3d 661, 666 (8th Cir. 2004) (persecution does not embrace harm arising out of civil strife or anarchy); Hagi-Salad v. Ashcroft, 359 F.3d 1044, 1045 (8th Cir. 2004) (defining persecution). Substantial evidence also supports the IJ's determination that Mr. Said did not establish a well-founded fear of persecution on account of his clan membership because he did not show that he feared persecution on a countrywide basis or that relocation was unreasonable. See Mohamed v. Ashcroft, 396 F.3d 999,

---

[2]The IJ's decision, therefore, constitutes the final agency determination for purposes of judicial review. See Dominguez v. Ashcroft, 336 F.3d 678, 679 n.1 (8th Cir. 2003).

1006 (8th Cir. 2005) (if asylum applicant does not establish past persecution, applicant has burden to prove that fear of future persecution exists countrywide or that relocation would be unreasonable). The State Department reports indicated that there was no automatic correlation between clan affiliation and persecution, and that a person belonging to one clan might well be at risk if found in a rival clan's territory, but that the same person would be at no risk in an area controlled by his own clan. See Alemu v. Gonzales, 403 F.3d 572, 575 (8th Cir. 2005) (IJ may reasonably rely on State Department's assessment of current country conditions as they relate to likelihood of future persecution).

Because we find that substantial evidence supports the IJ's denial of Mr. Said's request for asylum, his application for withholding of removal necessarily fails as well, see Turay v. Ashcroft, 405 F.3d 663, 667 (8th Cir. 2005) (withholding-of-removal standard is more rigorous than standard for granting asylum); and we find no basis in the record for CAT relief, see Habtemicael v. Ashcroft, 370 F.3d 774, 780-82 (8th Cir. 2004) (discussing considerations relevant to relief under CAT).

Accordingly, we deny Mr. Said's petition.

_____