# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3713

_____

| | | |
|---|---|---|
| Sintia E. Solares, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of |
| v. | * | an Order of the Board |
| | * | of Immigration Appeals. |
| Eric H. Holder, Jr.,[1] United States | * | |
| Attorney General, | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted: April 7, 2009
Filed: April 14, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Guatemalan citizen Sintia Solares petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed an Immigration Judge's (IJ's) denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We deny the petition.

_____

[1]Eric H. Holder, Jr. has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

We review the denial of asylum under a substantial-evidence standard, and will uphold the BIA's findings unless the evidence "was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 481, 483-84 (1992); see also Cooke v. Mukasey, 538 F.3d 899, 903 (8th Cir. 2008) (where BIA affirms without opinion, IJ's decision is final agency determination for purposes of judicial review). We agree with the IJ that Solares neither suffered past persecution on account of a protected factor, see Quomsieh v. Gonzales, 479 F.3d 602, 606 (8th Cir. 2007) (absent physical harm, incidents of harassment and unfulfilled threats of injury are not persecution), nor offered credible, specific evidence that a reasonable person in her position would fear persecution if returned to Guatemala, see Makatengkeng v. Gonzales, 495 F.3d 876, 881 (8th Cir. 2007) (to show well-founded fear of future persecution, alien must show fear is both subjectively genuine and objectively reasonable; alien may establish objective component with credible, direct, and specific evidence); Setiadi v. Gonzales, 437 F.3d 710, 714 (8th Cir. 2006) (allegations of general fear of persecution because of isolated acts of violence against someone other than petitioner are usually insufficient to establish fear of future persecution).

Because Solares's asylum claim fails, her request for withholding of removal fails as well; and the IJ correctly noted that separate analysis of Solares's request for CAT relief was unnecessary. See Alemu v. Gonzales, 403 F.3d 572, 576 (8th Cir. 2005).

Accordingly, we deny the petition.

_____