# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1080

_____

Milagro Del Blanco De Guevara, et al.

*Petitioner*s

v.

William P. Barr, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: December 12, 2018
Filed: March 21, 2019

_____

Before LOKEN, MELLOY, and ERICKSON, Circuit Judges.

_____

LOKEN, Circuit Judge.

Milagro Del Carmen Blanco de Guevara and her two minor children, natives and citizens of El Salvador, entered the United States in 2015 without inspection. The Department of Homeland Security ("DHS") initiated removal proceedings. De Guevara conceded removability and applied for asylum, withholding of removal, and protection under the Convention Against Torture, with her children as derivative applicants. After a hearing at which de Guevara testified, the Immigration Judge (IJ)

denied relief on multiple grounds -- de Guevara's testimony was not credible, she failed to articulate a particular social group on which to base a claim of asylum, she failed to prove past persecution or a well-founded fear of future persecution, and she failed to show that the government of El Salvador was unable or unwilling to control alleged persecution by criminal gangs. The Board of Immigration Appeals (BIA) affirmed in a thorough opinion. De Guevara petitions for review of the BIA's final agency action. We conclude that the BIA's decision was "supported by reasonable, substantial, and probative evidence on the record considered as a whole" and therefore deny the petition for review. I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 (1992), quoting 8 U.S.C. § 1105a(a)(4) (standard of review).

After de Guevara's husband came to the United States in 2011, she continued to raise her children in El Salvador in the same village as her parents and sister. De Guevara testified at the hearing that in October 2015, she received a phone call and then a letter from the gang "Mara 18" demanding $1500 and threatening to kill de Guevara or her children. She reported to the police but did not show them the letter because "if you go to the police, they are going to kill you." Instead, de Guevara left El Salvador and entered the United States with her children.

The IJ found de Guevara's testimony not credible because she gave a materially inconsistent explanation of her fear of returning to El Salvador in a sworn statement to the Border Patrol and in a subsequent "credible fear" interview at the asylum office. The BIA ruled that this credibility finding was not clearly erroneous. We "defer to the IJ's credibility findings if they are supported by a specific, cogent reason for disbelief," as they are in this case. Alemu v. Gonzalez, 403 F.3d 572, 574 (8th Cir. 2005) (quotation omitted). However, it is not clear that the inconsistencies, though material, "are at the heart of the asylum claim." Sheikh v. Gonzales, 427 F.3d 1077, 1080 (8th Cir. 2005) (quotation omitted). Therefore, like the BIA we will also review the merits of that claim.

The Attorney General may grant asylum to an alien "who is unable or unwilling to return to her home country 'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" Alemu, 403 F.3d at 574, quoting 8 U.S.C. § 1101(a)(42); see 8 U.S.C. § 1158(b)(1).

The BIA concluded that the harm de Guevara suffered -- being threatened by a phone call and letter from a gang demanding money -- "did not constitute past persecution." We agree. See, e.g., La v. Holder, 701 F.3d 566, 571 (8th Cir. 2012). Having failed to prove past persecution, de Guevara must prove a fear of future persecution that is both objectively and subjectively well-founded. See Tawm v. Ashcroft, 363 F.3d 740, 743 (8th Cir. 2004). The BIA noted that de Guevara "did not testify to any ongoing threats or evidence that anyone still seeks to harm her." She testified that no member of her family has ever been harmed, and that her family remains unharmed in the village from which she fled. A generalized fear of gang violence is not a basis for asylum. See Constanza v. Holder, 647 F.3d 749, 754 (8th Cir. 2011). On this record, substantial evidence supports the BIA's ultimate finding that De Guevara failed to prove that she has a well-founded fear of future persecution if removed to El Salvador.

The BIA further determined that de Guevara failed to prove persecution on account of membership in a "particular social group." "[W]e give Chevron deference to the BIA's reasonable interpretation of this ambiguous statutory phrase." Cinto-Velasquez v. Lynch, 817 F.3d 602, 606 (8th Cir. 2016). In a pair of cases decided on February 7, 2014, the BIA clarified its long-standing interpretation:

> [A]n applicant for asylum or withholding of removal seeking relief based on "membership in a particular social group" must establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.

-3-

Matter of M-E-V-G, 26 I. & N. Dec. 227, 237 (BIA 2014); see Matter of W-G-R, 26 I. & N. Dec. 208 (BIA 2014).[1]  "Persecutory conduct aimed at a social group cannot alone define the group, which much exist independently of the persecution."  Matter of W-G-R at 215.  Thus, to warrant a discretionary grant of asylum, an applicant must "demonstrat[e] the existence of a cognizable particular social group, [her] membership in that part particular social group, and a risk of persecution on account of [her] membership in the specified particular social group."  Id. at 223 (emphasis omitted).

On appeal, de Guevara argues the BIA erred in ruling she failed to prove past persecution on account of her membership in two particular social groups, "Salvadoran female heads of households" and "vulnerable Salvadoran females."[2]  The BIA ruled that "Salvadoran female heads of households" is not a cognizable particular social group "because it lacks social distinction and particularity":

> The respondent's proposed group is too broad and amorphous to meet the particularity requirement.  The respondent did not show that 'head of household' has a commonly accepted definition with Salvadoran society, nor is such condition necessarily immutable. . . . The respondent also did not establish that such group is socially distinct.  The respondent's testimony that her neighbors knew she was living without a male companion is not sufficient to establish that society views her proposed social group as distinct.

---

[1]Remanded on other grounds, Reyes v. Lynch, 842 F.3d 1125 (9th Cir. 2016), cert. denied, 138 S. Ct. 736 (2018).

[2]The BIA did not address the particular social group, "vulnerable Salvadoran females," because de Guevara "does not pursue that claim on appeal."  Though de Guevara argues the merits of the issue to this court, she does not claim the BIA procedurally erred.  Thus the issue was not properly preserved.  The IJ rejected the claim on the merits, concluding that "[t]he definition of 'vulnerable' is open to interpretation, thus, rendering it less than distinct for purposes of social groups."

-4-

On appeal, de Guevara argues that El Salvador country reports document that women "are targeted by gangs for violence and extortion," and she "has personally experienced the dangers of living as a single woman in these conditions." But this is not evidence that "female heads of households" are recognized in El Salvador society as a particular, socially distinct group. Thus, the BIA did not err in ruling that de Guevara failed to prove persecution on account of membership in a particular social group.

For these reasons, the BIA's decision to deny the asylum claims of de Guevara and her children is supported by substantial evidence on the administrative record as a whole. As petitioners relied on the same facts to support their claims for withholding of removal and relief under the Convention Against Torture, claims they have not separately argued in their petition for review, denial of the claim for asylum forecloses these other claims. See Martin Martin v. Barr, No. 18-1059, 2019 WL 1031408, at *3 (8th Cir. Mar. 5, 2019). Accordingly, we deny the petition for review.

_____