# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-2990
_____

Micaela Ramos-Ortiz; D.T.R.; M.T.O.

*Petitioner*s

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: January 18, 2022
Filed: January 24, 2022
[Unpublished]
_____

Before GRUENDER, ERICKSON, and KOBES, Circuit Judges.
_____

PER CURIAM.

Guatemalan native and citizen Micaela Ramos-Ortiz applied for asylum, individually and on behalf of her minor children D.T.R. and M.T.O. She also sought

withholding of removal and protection under the Convention Against Torture (CAT).[1] An immigration judge denied all requested relief, and the Board of Immigration Appeals (BIA) dismissed the appeal. Ramos-Ortiz petitions for review. After careful review, we deny the petition.

The BIA properly concluded Ramos-Ortiz was ineligible for asylum because she failed to prove she was unable or unwilling to return to Guatemala because of persecution or a well-founded fear of persecution on account of a protected ground. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1). She conceded to the agency that she suffered no past persecution. Even assuming her proposed particular social groups were cognizable, an issue the BIA did not reach, we conclude substantial evidence supports the determination that she failed to demonstrate a well-founded fear of future persecution that was objectively reasonable. See Litvinov v. Holder, 605 F.3d 548, 553 (8th Cir. 2010) (explaining an applicant who does not show past persecution must prove a well-founded fear of persecution that is both subjectively genuine and objectively reasonable). For the reasons the BIA explained, her reliance on general media reports and general country conditions was insufficient, under the facts of this case, to show she was entitled to relief. See Lemus-Arita v. Sessions, 854 F.3d 476, 480 (8th Cir. 2017) (citations omitted) (reiterating an applicant must prove objective reasonableness through "'credible, direct, and specific evidence,'" and the fear must not be "'so speculative or general as to lack credibility'"); see also Fuentes, 969 F.3d at 870, 872-73; Setiadi v. Gonzales, 437 F.3d 710, 714 (8th Cir. 2006).

Because Ramos-Ortiz failed to show past persecution or a well-founded fear of persecution, her asylum claim necessarily fails. See Cano v. Barr, 956 F.3d 1034,

_____

[1]We refer to Ramos-Ortiz because her children were derivative applicants on her asylum application. See 8 U.S.C. § 1158(b)(3)(A) (stating, as relevant, that a child may be granted asylum if the accompanying principal noncitizen is granted asylum). There are no derivative benefits for withholding of removal or CAT relief. See Fuentes v. Barr, 969 F.3d 865, 868 n.1 (8th Cir. 2020) (per curiam).

1040 n.4 (8th Cir. 2020). Finally, we conclude her claims for withholding of removal and protection under the CAT also fail because she based those claims on the same facts as her asylum claim. See De Guevara v. Barr, 919 F.3d 538, 541 (8th Cir. 2019).

Accordingly, we deny the petition for review. See 8th Cir. R. 47B.

_____