# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 23-2568

———————————————

Claudia Cristina Linares-Campos; C.I.G.

*Petitioner*s

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

——————————

Petition for Review of an Order of the
Board of Immigration Appeals

——————————

Submitted: June 11, 2024
Filed: July 11, 2024
[Unpublished]

——————————

Before COLLOTON, Chief Judge, ARNOLD and GRUENDER, Circuit Judges.

——————————

PER CURIAM.

Claudia Linares-Campos and her minor daughter are citizens of El Salvador who were charged with inadmissibility because of their presence "in the United States without being admitted or paroled . . . ." 8 U.S.C. § 1182(a)(6)(A)(i). In immigration court, Linares-Campos conceded inadmissibility and applied for

asylum[1] and withholding of removal based on the violent acts of the father of her children, Mauricio Gonzalez, and his family. Linares-Campos claimed that she was persecuted on account of her membership in the following social groups: "mother of Mauricio Gonzalez's children" and "women in El Salvador viewed as property."

An Immigration Judge ("IJ") denied the applications, and Linares-Campos appealed. The Board of Immigration Appeals ("BIA") concluded that Linares-Campos's proposed social groups were not cognizable and that, even if they were, she failed to establish a nexus between them and the alleged persecution. The BIA also concluded that she had failed to prove that Salvadoran authorities were unable or unwilling to protect her from harm. Linares-Campos petitions for review of the BIA's decision.

We review the denial of an application for asylum or withholding of removal for substantial evidence. *Uriostegui-Teran v. Garland*, 72 F.4th 852, 855 (8th Cir. 2023); 8 U.S.C. § 1252(b)(4)(B). "Only the BIA order is subject to our review, including the IJ's findings and reasoning to the extent they were expressly adopted by the BIA." *Uriostegui-Teran*, 72 F.4th at 855.

To be eligible for asylum, Linares-Campos must show that she is a refugee, *see* 8 U.S.C. § 1158(b)(1)(A), meaning that she is unwilling or unable to return to her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion," *see id.* § 1101(a)(42)(A). Persecution requires harm "inflicted either by the government of a country or by persons or an organization that the government was unable or unwilling to control." *Menjivar v. Gonzales*, 416 F.3d 918, 921 (8th Cir. 2005). And to "qualify for withholding of removal, an applicant has the burden of showing a clear probability that [her] life or freedom would be threatened in the proposed country of removal on account of race, religion,

---

[1]Linares-Campos listed her daughter as a derivative beneficiary of her application for asylum. *See* 8 U.S.C. § 1158(b)(3)(A). Here, the daughter's asylum claim rises and falls with her mother's.

nationality, membership in a particular social group, or political opinion." *Malonga v. Mukasey*, 546 F.3d 546, 551 (8th Cir. 2008) (citation and internal quotation marks omitted); *see* 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 1208.16(b).

To demonstrate membership in a particular social group, the applicant "must establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Uriostegui-Teran*, 72 F.4th at 855. The BIA ruled that Linares-Campos's first proposed social group, "mother of Mauricio Gonzales's children," was not cognizable. Linares-Campos does not challenge this ruling. Instead, she attacks the BIA's determination that her second proposed social group, "women in El Salvador viewed as property," failed for lack of social distinction.

"Whether a given particular social group is perceived as distinct by the society of which it is part depends on evidence that the society makes meaningful distinctions based on the common immutable characteristics defining the group." *Fuentes v. Barr*, 969 F.3d 865, 871 (8th Cir. 2020) (per curiam) (internal quotation marks omitted). To grant the petition for review, we must find that any "reasonable adjudicator would be compelled to conclude," 8 U.S.C. § 1252(b)(4)(B), that the record establishes that Salvadoran society views Linares-Campos's proposed social group as socially distinct. *See Lemus-Coronado v. Garland*, 58 F.4th 399, 404 (8th Cir. 2023).

Linares-Campos presented no evidence that Salvadoran society regards "women in El Salvador viewed as property" as a distinct group. The evidence Linares-Campos submitted to the BIA tends to show the prevalence of domestic violence in El Salvador. For example, one report describes violence against women in El Salvador as a "widespread" and "serious problem." And an expert's affidavit[2] contends that a "set of misogynistic gender biases that relegate women to being the

_____

[2]Linares-Campos asserts that this affidavit was overlooked by the agency. The record refutes this contention. *See* Admin. R. at 5, 168, 169-182.

property of men . . . is ingrained in [El Salvador]'s history and culture . . . ." But this evidence does little to explain how "women in El Salvador viewed as property" are meaningfully distinguished from others, particularly other women, within Salvadoran society. *See Fuentes*, 969 F.3d at 871. Indeed, our cases hold that evidence of the sort submitted by Linares-Campos does not prove social distinction. *See De Guevara v. Barr*, 919 F.3d 538, 541 (8th Cir. 2019); *Fuentes*, 969 F.3d at 872. Thus, the record does not compel a conclusion contrary to the BIA's determination that Salvadoran society does not see "women in El Salvador viewed as property" as a socially distinct group.[3]

Because Linares-Campos failed to establish membership in a cognizable particular social group, the BIA did not err in denying her applications for asylum and withholding of removal. *See* 8 U.S.C. § 1231(b)(3); *Constanza v. Holder*, 647 F.3d 749, 753-54 (8th Cir. 2011). We therefore need not address Linares-Campos's arguments concerning particularity, nexus, humanitarian asylum, or whether the harms at issue were inflicted by persons that the Salvadoran government was unable or unwilling to control. *See Aguliar v. Garland*, 60 F.4th 401, 407 (8th Cir. 2023).

For the foregoing reasons, we deny the petition for review.

_____

_____

[3]Linares-Campos argues that the BIA erred when it failed to consider that the Department of Homeland Security did not file a brief when this case was before the BIA. Given that Linares-Campos bears the burden of proof, *see* 8 U.S.C. § 1158(b)(1)(B)(i), we reject this argument.