# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3320

_____

Enma Marili Camo-Ramirez; E.G.L.C.

*Petitioner*s

v.

James R. McHenry III,[1] Acting Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: October 21, 2024
Filed: January 31, 2025
[Unpublished]

_____

Before COLLOTON, Chief Judge, GRUENDER and KOBES, Circuit Judges.

_____

PER CURIAM.

Enma Marili Camo-Ramirez and her minor son petition for review of a Board of Immigration Appeals (BIA) order upholding the denial of their application for

---

[1]James R. McHenry III has been appointed to serve as Acting Attorney General and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition.

I.

Camo-Ramirez and her son are citizens of Guatemala. Their house was broken into and valuables were stolen while she was at work in 2013 and 2015. In 2016, after her husband moved out, Camo-Ramirez found an extortionary threat left near her house. She believed it was from the local gang "Los Negros." Camo-Ramirez reported the burglaries and an earlier incident of people "smoking drugs" outside her home to police, but did not report the 2016 threat. Although police responded to her calls before, they had also "laugh[ed] at" her, so she thought reporting the 2016 threat would be futile. Because of these incidents, Camo-Ramirez and her son left Guatemala in May 2016 and entered the United States without visas or other entry documents.

In 2019, an Immigration Judge (IJ) denied Camo-Ramirez's application for asylum, withholding of removal, and CAT protection. While the IJ found that she testified credibly, the IJ also found: she had not experienced past persecution, her alleged social groups of "Guatemalan mothers who live alone" and "individuals resistant to gang activity" were not legally cognizable, her fear of harm came from a fear of generalized crime and violence in Guatemala and not from her membership in a cognizable social group, she failed to show that the Guatemalan government was unable or unwilling to protect her, and she failed to show she could not have relocated safely in her home country instead of moving to the United States.

Camo-Ramirez appealed. The BIA adopted the IJ's decision and wrote separately to explain that she had waived any challenge to the legal cognizability of her alleged social groups. The BIA also found that Camo-Ramirez presented "no evidence" that the "Los Negros" gang imputed a pro-government or anti-crime political opinion to her.

## II.

We review the BIA's determinations on eligibility for asylum, withholding of removal, and CAT protection for whether substantial evidence in the administrative record supports the agency's findings of fact. *He v. Garland*, 24 F.4th 1220, 1224 (8th Cir. 2022). "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We review conclusions of law, including whether an individual is a member of a protected group, *de novo*. *Malonga v. Mukasey*, 546 F.3d 546, 553 (8th Cir. 2008).

Camo-Ramirez must show that she meets the definition of "refugee" to be eligible for asylum. 8 U.S.C. § 1158(b)(1). "A refugee is a person who is outside the country of that person's nationality 'who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group or political opinion.'" *Galloso v. Barr*, 954 F.3d 1189, 1192 (8th Cir. 2020) (quoting 8 U.S.C. § 1101(a)(42)). "Persecution is an extreme concept that involves severe suffering or harm, such as the infliction or threat of death, torture, or injury to one's person or freedom, on account of a protected characteristic." *Juarez-Vicente v. Garland*, 85 F.4th 1258, 1261 (8th Cir. 2023) (citation and quotation marks omitted). "A single death threat can establish persecution, but threats that are exaggerated, nonspecific, or lacking in immediacy may be insufficient." *La v. Holder*, 701 F.3d 566, 571 (8th Cir. 2012) (citation and quotation marks omitted). "The BIA has adopted, and we have approved as reasonable, a definition of persecution that requires a harm to be inflicted either by the government of a country or by persons or an organization that the government was unable or unwilling to control." *Galloso*, 954 F.3d at 1192 (cleaned up).

There is substantial evidence supporting the BIA's finding that Camo-Ramirez did not face persecution from Guatemalan gangs. While Camo-Ramirez

credibly testified about the home invasions and the extortionary threat, she did not show that the extortion was immediate or that she was physically confronted by a gang member. This "[l]ow-level intimidation and harassment" does not rise to the level of past persecution. *He*, 24 F.4th at 1224–25; *see also De Guevara v. Barr*, 919 F.3d 538, 539–40 (8th Cir. 2019) (a gang's phone call and letter demanding money and threatening to kill the respondent or her children did not constitute past persecution); *Martin Martin v. Barr*, 916 F.3d 1141, 1144 (8th Cir. 2019) (property loss and extortionary threats are not a "threat to life or freedom" that rise to the level of past persecution).

Camo-Ramirez also argues that the BIA erred because her asserted social groups of "Guatemalan mothers who live alone" and "individuals resistant to gang activity" were particular and distinct. Assuming this argument is preserved, we disagree. *See De Guevara*, 919 F.3d at 541 (affirming BIA conclusion that "Salvadoran female heads of households" was not a socially distinct or particular social group despite arguments that "El Salvador country reports document that women 'are targeted by gangs for violence and extortion'" and that the petitioner "personally experienced the dangers of living as a single woman in these conditions"); *Fuentes v. Barr*, 969 F.3d 865, 872 (8th Cir. 2020) (per curiam) (same).

And substantial evidence supports the BIA's finding that Camo-Ramirez failed to show that the Guatemalan government was unwilling or unable to help her. Even though they had "laugh[ed] at" her, the police filed Camo-Ramirez's report for the home invasions and responded to her call that gang members were "smoking drugs" outside of her house. *See Prieto-Pineda v. Barr*, 960 F.3d 516, 521 (8th Cir. 2020) (the petitioners did not show the government was unable or unwilling to protect them when the police responded to calls and scared away gang members). This was evidence that reporting the extortionary threats would not have been futile. *See Galloso*, 954 F.3d at 1193 ("Based on the country reports and her own testimony that she did not and would not contact the Mexican police, Galloso failed to show that the Mexican government is unable or unwilling to protect her.").

There is also substantial evidence behind the BIA's finding that Camo-Ramirez did not show that she could not have safely relocated within Guatemala. Camo-Ramirez's other family members live safely in Guatemala, and she pointed to nothing to support her claim that the "Los Negros" gang would have found her anywhere in the country. Her general evidence about the Central American region relying on family-social networks "does not trump the BIA's finding, based on specific facts in the administrative record." *Pacheco-Moran v. Garland*, 70 F.4th 431, 439 (8th Cir. 2023).

Camo-Ramirez waived her appeal from the denial of CAT protection by not challenging the decision in her opening brief. *See Lemus-Arita v. Sessions*, 854 F.3d 476, 479 n.2 (8th Cir. 2017). Because she failed to prove persecution, she is ineligible for humanitarian asylum. *Kanagu v. Holder*, 781 F.3d 912, 919 (8th Cir. 2015). And having failed to establish eligibility for asylum, Camo-Ramirez "necessarily cannot meet the more rigorous standard of proof for withholding of removal." *Khrystotodorov v. Mukasey*, 551 F.3d 775, 784 (8th Cir. 2008).

III.

The petition for review is denied.

_____