# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-2987

_____

Michael Alvarado-Arenas,

*Petitioner*,

v.

Jefferson B. Sessions, III, Attorney General of the United States,[1]

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: September 20, 2016
Filed: March 22, 2017

_____

Before COLLOTON, MELLOY, and SHEPHERD, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Michael Alvarado-Arenas, a citizen of Mexico, was ordered removed *in absentia* when he failed to appear for a removal hearing in an immigration court. He moved to reopen the hearing, but an immigration judge denied the motion, and the

_____

[1]Attorney General Sessions is automatically substituted for his predecessor under Federal Rule of Appellate Procedure 43(c)(2).

Board of Immigration Appeals affirmed after finding no exceptional circumstances that justified the alien's failure to appear. We conclude that the Board did not abuse its discretion, so we deny Alvarado-Arenas's petition for review.

Alvarado-Arenas was admitted to the United States in 2006 on a nonimmigrant K-1 visa that he obtained based on his engagement to marry a U.S. citizen. The couple married that year, and Alvarado-Arenas was granted conditional permanent resident status in 2008. After Alvarado-Arenas and his wife failed to appear at an interview on his application to remove the conditions on his status, the Department of Homeland Security terminated his conditional permanent resident status.

In August 2012, the Department filed a Notice to Appear charging that Alvarado-Arenas was removable under 8 U.S.C. § 1227(a)(1)(D)(i) because his conditional resident status was terminated. Alvarado-Arenas's counsel appeared by telephone at an initial removal hearing in November 2012. At that time, the immigration judge granted Alvarado-Arenas a continuance of the removal proceedings based on a new Form I-751 (a petition to remove conditions on residence) that Alvarado-Arenas had filed a few weeks earlier.

The new Form I-751 listed Alvarado-Arenas's "address" as 2917 Davenport Avenue, Davenport, Iowa. The form also provided separate boxes for Alvarado-Arenas to list a "mailing address," and the word "SAME" was printed there. A question on the form asking whether Alvarado-Arenas had lived at any other address since becoming a permanent resident was answered in the negative. Alvarado-Arenas's counsel signed the names of Alvarado-Arenas and his wife at the bottom of the Form I-751, attesting to the form's truthfulness under penalty of perjury. Counsel also declared that he prepared the petition at the request of his client, and that it was based on all information of which counsel had knowledge.

Neither Alvarado-Arenas nor his counsel appeared for the continued removal hearing in August 2013. The immigration judge found that Alvarado-Arenas abandoned his application for relief and ordered him removed to Mexico *in absentia* under 8 U.S.C. § 1229a(b)(5)(A). On February 3, 2014, Alvarado-Arenas moved to reopen the *in absentia* removal proceedings under 8 U.S.C. § 1229a(b)(5)(C), arguing that the immigration court did not have jurisdiction to enter a removal order because he was outside the United States during the removal proceedings. Alvarado-Arenas later supplemented his motion with an affidavit from his wife stating that he had traveled to Mexico in November 2009 for a family medical emergency and remained there ever since.

An immigration judge denied the motion to reopen, and the Board affirmed. Reopening is permitted if the alien's failure to appear was due to "exceptional circumstances," *see* 8 U.S.C. § 1229a(b)(5)(C)(i), but the Board agreed with the immigration judge that Alvarado-Arenas failed to establish such circumstances. The Board also rejected Alvarado-Arenas's contention that he was not present in the United States when the government filed the Notice to Appear. The Board cited statements on the Form I-751 that Alvarado-Arenas's address was in Davenport, Iowa, and counsel's oral confirmation at the November 2012 hearing that Alvarado-Arenas still lived in Davenport. The Board found that the wife's "self-serving affidavit" was insufficient to establish that Alvarado-Arenas was outside the country when the removal proceedings began.

On appeal to this court, Alvarado-Arenas argues that the Board abused its discretion in refusing to reopen the removal proceeding. By statute, an order removing an alien *in absentia* for failure to appear may be rescinded only upon a motion to reopen that shows either that (1) the alien's failure to appear was because of exceptional circumstances or (2) the alien did not receive proper notice of the hearing or was in federal or state custody and his failure to appear was through no fault of his own. 8 U.S.C. § 1229a(b)(5)(C). Exceptional circumstances "refers to

exceptional circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien." *Id*. § 1229a(e)(1).

In his brief on appeal, Alvarado-Arenas does not develop an argument that his failure to appear was because of exceptional circumstances within the meaning of the statute. He has never disputed that he received proper notice of the removal hearing and has never alleged that he was in federal or state custody. The Board thus did not abuse its discretion in concluding that Alvarado-Arenas failed to satisfy either of the two statutory bases for rescission of the removal order.

Alvarado-Arenas does renew his contention that he was outside the United States when the Department filed the Notice to Appear in his removal proceeding. He argues that the immigration court therefore lacked jurisdiction to order his removal. Alvarado-Arenas does not explain, however, why his whereabouts when the Notice was filed would authorize the Board to reopen the removal proceedings and rescind the removal order. As noted, the statute provides for rescission of an *in absentia* removal order in only two circumstances. Insofar as the immigration judge and the Board considered whether to reopen the proceedings *sua sponte* based on Alvarado-Arenas's claim that he was in Mexico throughout the proceedings, *see* 8 C.F.R. §§ 1003.23(b)(1), 1003.2(a), we lack jurisdiction to review the agency's discretionary decision. *Tamenut v. Mukasey*, 521 F.3d 1000, 1004-05 (8th Cir. 2008) (en banc) (per curiam).

Assuming for the sake of analysis, however, that Alvarado-Arenas's alleged absence from the country could be an "exceptional circumstance" under § 1229a(b)(5)(C)(i), or that the agency otherwise had reviewable discretion to reopen the proceedings on the grounds alleged, we conclude that there was no abuse of discretion. The Board reasonably concluded that Alvarado-Arenas was in the United

States when the Department filed the Notice to Appear to initiate the removal proceedings in August 2012. The Form I-751 filed by Alvarado-Arenas's counsel in November 2012 said that it was filed at the request of Alvarado-Arenas and listed his "address" and "mailing address" in Davenport, Iowa. The form also stated that Alvarado-Arenas had not "resided" at any address other than the Davenport address since he became a permanent resident. These averments supported a finding that Alvarado-Arenas was present in the United States when the removal proceedings commenced. The Board also reasonably gave weight to the fact that Alvarado-Arenas's counsel verified the accuracy of the Davenport address at a hearing in November 2012 and made no objection to the immigration court's jurisdiction at that time. Alvarado-Arenas's wife had an obvious bias that justified the Board's discounting the credibility of her affidavit, and Alvarado-Arenas's effort to characterize the Davenport location merely as a "legal residence" at which he was never present after 2009 was doubtful enough that the Board reasonably could reject it in favor of a more natural reading of the Form I-751.

For these reasons, the petition for review is denied. Alvarado-Arenas's motion to supplement the record, filed on the day before oral argument in this court, is denied as untimely and beyond the scope of the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A); *Berte v. Ashcroft*, 396 F.3d 993, 997 (8th Cir. 2005).

_____