# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-1724
_____

Sergio Naun Mencia-Medina,

*Petitioner*,

v.

Merrick B. Garland, Attorney General,

*Respondent.*[*]
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: February 17, 2021
Filed: July 29, 2021
_____

Before COLLOTON, BENTON, and KELLY, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Sergio Mencia-Medina petitions for review of a decision by the Board of Immigration Appeals. The Board concluded that he was removable, and denied his

_____

[*]Attorney General Garland is automatically substituted as respondent under Federal Rule of Appellate Procedure 43(c)(2).

request for a form of cancellation of removal available to children who have been battered by parents who are lawful permanent residents. *See* 8 U.S.C. § 1229b(b)(2). We deny the petition for review.

I.

Mencia-Medina is a native and citizen of Honduras. He entered the United States as a child with his mother in May 2001. Later that month, the former Immigration and Naturalization Service charged Mencia-Medina as removable because he was present in the country without admission. *See* 8 U.S.C. § 1182(a)(6)(A)(i). Mencia-Medina did not appear at the removal proceedings, and the immigration court in El Paso, Texas, ordered him removed *in absentia* in July 2001.

Mencia-Medina and his mother traveled to New Jersey to live with his father. He presented evidence that his parents neglected and abused him. He was placed in foster care for a time, but returned to his parents. After his parents separated, Mencia-Medina moved to Minnesota with his mother, and she later became a lawful permanent resident.

In 2015, Mencia-Medina fathered a child with a woman who is now his ex-girlfriend. He was charged with sexual misconduct because the woman was underage, but the charge was dismissed. In January 2016, while Mencia-Medina was visiting the home of his ex-girlfriend's mother, the girl's step-father allegedly attacked him. The two men fought, and Mencia-Medina retrieved a samurai sword from his car. Mencia-Medina then followed the step-father into the house, but ultimately gave up the sword without striking the man. Based on this incident, Mencia-Medina was convicted in Minnesota of making threats of violence. *See* Minn. Stat. § 609.713.1.

In early 2019, Mencia-Medina moved the immigration court in El Paso to vacate and reopen his 2001 *in absentia* removal order, and to transfer venue for the reopened proceedings to Minnesota. The court granted those motions. In the reopened proceedings, Mencia-Medina conceded that he was removable as charged, but applied for discretionary "special rule" cancellation of removal that is available to a child who has been battered by a permanent resident parent. *See* 8 U.S.C. § 1229b(b)(2). The immigration judge granted Mencia-Medina's application for cancellation of removal. The Department of Homeland Security appealed that decision, and the Board reversed on the ground that Mencia-Medina did not deserve a favorable exercise of discretion. Mencia-Medina timely petitioned this court for review.

II.

A.

Mencia-Medina first contends that the Board exceeded the permissible scope of review of the immigration judge's decision by engaging in its own fact-finding. The government suggests that the claim is unexhausted, and not properly presented for judicial review, because Mencia-Medina failed to raise it before the Board.

The Board reviews an immigration court's factual findings for clear error, and its discretionary decisions *de novo*. 8 C.F.R. § 1003.1(d)(3)(i)-(ii). The Board may not "engage in factfinding," except to "take administrative notice of facts that are not reasonably subject to dispute." *Id.* § 1003.1(d)(3)(iv)(A). Although the Board "may not disregard the [immigration judge]'s factual findings and supplant them with its own, absent a finding of clear error," the Board "has the discretion to weigh [those] factual findings differently." *Waldron v. Holder*, 688 F.3d 354, 361 (8th Cir. 2012). Whether the Board applied the correct standard of review is a legal question that we review *de novo*. *Garcia-Mata v. Sessions*, 893 F.3d 1107, 1109 (8th Cir. 2018).

Section 1252(d)(1) vests this court with jurisdiction to review a final order of removal only if a petitioner has "exhausted all administrative remedies available to [him] as of right." In *White v. INS*, 6 F.3d 1312 (8th Cir. 1993), we concluded that a petitioner was not required to move the Board to reopen or reconsider its decision in order to exhaust his administrative remedies. *Id.* at 1315. The court explained that those motions are new claims in the administrative process rather than appeals to the Board from its own order. *Id.*

In *Etchu-Njang v. Gonzales*, 403 F.3d 577 (8th Cir. 2005), however, we joined other circuits in concluding that an alien must exhaust particular *issues*, as well as administrative remedies, before he may seek judicial review of an issue. *Id.* at 582-84. Therefore, although an alien need not file a motion to reopen or reconsider to exhaust administrative remedies with respect to issues that were raised and decided in the alien's appeal to the Board, *White* does not address whether an alien must pursue those avenues to exhaust a claim that the Board engaged in impermissible factfinding in the initial appeal.

This court addressed that point in *Lasu v. Barr*, 970 F.3d 960 (8th Cir. 2020). There, we concluded that an alien failed to exhaust his claim that the Board engaged in impermissible fact-finding. *Id.* at 965. The alien did not raise the issue in his initial appeal to the Board, presumably because the alleged error did not occur until the Board decided the administrative appeal. This court held that the issue of whether the Board engaged in improper fact-finding was not before the court in the alien's petition for review of the Board's initial decision. *Id.* While the alien moved the Board to reconsider its decision, and thus could have exhausted the issue of alleged improper fact-finding through that motion, he did not petition this court for review of the Board decision denying the motion to reconsider. Accordingly, the issue of whether the Board engaged in improper fact-finding was not before this court on appeal. *Id.*

-4-

In reaching that conclusion, *Lasu* favorably cited *Meng Hua Wan v. Holder*, 776 F.3d 52 (1st Cir. 2015), which addressed the exhaustion question as follows:

> In our view, we lack jurisdiction to hear and determine the petitioner's claim that the BIA engaged in impermissible factfinding. That claim has never been heard by the BIA, and the core purpose of the exhaustion requirement is frustrated when, as in this instance, the BIA's decision gives rise to a new issue and the alien fails to use an available and effective procedure for bringing the issue to the agency's attention.

*Id*. at 57. Following *Lasu*, we conclude that Mencia-Medina did not exhaust his claim that the Board engaged in improper fact-finding. He did not move to reopen or reconsider on that basis, so the issue was never presented to the Board. As in *Lasu*, the issue is not before this court on Mencia-Medina's petition for review of the Board's initial decision. Therefore, we do not consider it. *Accord Meng Hua Wan*, 776 F.3d at 57; *Omari v. Holder*, 562 F.3d 314, 320 (5th Cir. 2009); *Sidabutar v. Gonzales*, 503 F.3d 1116, 1122 & n.6 (10th Cir. 2007).

B.

Mencia-Medina raises two additional challenges. He contends that the Board applied an incorrect legal standard when making its discretionary decision to deny withholding of removal, and that the Board rendered an unreasoned, internally inconsistent decision.

Mencia-Medina applied for "special rule" cancellation of removal, a form of relief available to aliens who have been "battered or subjected to extreme cruelty" by a parent who is a lawful permanent resident. 8 U.S.C. § 1229b(b)(2)(A)(i)(II). To establish eligibility for relief, the alien must show, among other things, that he "has been a person of good moral character during" the three years preceding his application, and is not inadmissible or deportable for committing a crime involving

moral turpitude. *Id.* § 1229b(b)(2)(A)(iii)-(iv). Even if the alien meets the statutory criteria for eligibility, however, § 1229b(b) "provides that the attorney general 'may' grant cancellation of removal to an eligible individual and thus the attorney general's decision whether to grant or deny relief is discretionary." *Saleheen v. Holder*, 618 F.3d 957, 960 (8th Cir. 2010). Although we have jurisdiction to review the predicate legal question whether the Board properly applied the law in determining eligibility, we lack jurisdiction to review an ultimate decision denying cancellation of removal as a matter of discretion. *Id.* at 961; *see* 8 U.S.C. § 1252(a)(2)(B)(i), (D).

Mencia-Medina first claims that the Board made an error of law by citing and applying the factors applicable to cases under § 1229b(*a*), which concerns cancellation of removal for certain permanent residents, rather than § 1229b(*b*), which governs cancellation for certain nonpermanent residents. The Board cited *In re C-V-T-*, 22 I. & N. Dec. 7 (BIA 1998), a case concerning cancellation under § 1229b(a), for the "relevant factors to be considered in a discretionary determination." Mencia-Medina notes that the Board has found it "prudent to avoid cross-application, as between different types of relief from deportation, of particular principles or standards for the exercise of discretion." *Id.* at 12 (internal quotation omitted). Therefore, he argues, the Board should have cited a decision like *Matter of A-M-*, 25 I. & N. Dec. 66 (BIA 2009), and considered "additional factors" in making a discretionary decision under § 1229b(b). *See id.* at 77.

In particular, Mencia-Medina contends that the Board failed to consider the context of domestic abuse in deciding whether to grant discretionary relief. In reaching its discretionary determination, however, the Board expressly considered—as one of several "significant favorable factors"—that Mencia-Medina "was mistreated by family members and others when he was a child, causing him to suffer from psychological problems." The Board's citation of *In re C-V-T-* does not

establish legal error where the decision elsewhere considered the very factor that Mencia-Medina says was mistakenly ignored.

Mencia-Medina also argues that the Board's decision is internally inconsistent and unreasoned. He contends that the Board, by assuming his eligibility for special rule cancellation of removal for the sake of analysis, necessarily concluded that he was "of good moral character." *See* 8 U.S.C. § 1229b(b)(2)(A)(iii). In light of that determination, he maintains, the Board rendered an unreasoned decision by denying a favorable exercise of discretion.

This challenge to the agency's exercise of discretion is insufficient to establish appellate jurisdiction. The eligibility inquiry and the discretionary decision are analytically distinct: the Board may find a petitioner eligible for special rule cancellation of removal under the statute, but nevertheless undeserving of relief as a matter of discretion. *Saleheen*, 618 F.3d at 961-62. Mencia-Medina's position would effectively eliminate the Attorney General's discretion by dictating that there is no reasoned basis for an unfavorable exercise of discretion once an alien has met the statutory criteria for eligibility. The Board here cited "notable negative factors of record," and determined "[u]pon balancing all the relevant factors" that Mencia-Medina's "many contacts with law enforcement, both as a juvenile and as an adult, outweigh the favorable factors of record." An alien cannot create appellate jurisdiction simply by attacking the Board's reasoning for the exercise of its discretion. *Id*.

\*     \*     \*

For these reasons, the petition for review is denied.

KELLY, Circuit Judge, concurring.

Although I continue to have reservations about the potential reach of the administrative exhaustion requirement discussed above in Section II.A, see Lasu v. Barr, 970 F.3d 960, 972 n.5 (8th Cir. 2020) (Kelly, J., dissenting), I recognize that the legal issue presented here has been resolved by our court's established precedent. See id. at 965. I join the court's opinion on that issue with the understanding that our holding is limited to a noncitizen's claim, raised for the first time in a petition for review to this court, that the Board of Immigration Appeals engaged in impermissible factfinding. See 8 C.F.R. § 1003.1(d)(3)(iv)(A) ("The Board will not engage in factfinding in the course of deciding cases . . . ."); see also id. § 1003.1(d)(3)(i) ("The Board will not engage in de novo review of findings of fact determined by an immigration judge. Facts determined by the immigration judge . . . shall be reviewed only to determine whether the findings of the immigration judge are clearly erroneous.").

_____