# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3036
_____

Alejandra Gallegos

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: October 22, 2021
Filed: February 22, 2022

_____

Before ERICKSON, GRASZ, and STRAS, Circuit Judges.

_____

GRASZ, Circuit Judge.

Alejandra Gallegos petitions this court to review a decision made by the Board of Immigration Appeals ("Board") denying her motion to reopen removal proceedings and to rescind an *in absentia* order of removal. Finding no exceptional circumstances justifying Gallegos's failure to appear at her removal proceedings, we conclude the Board did not abuse its discretion and deny Gallegos's petition for review.

## I. Background

Gallegos is a citizen of Mexico who gained Lawful Permanent Resident ("LPR") status in the United States through her marriage to Juan Manuel Rios who is a United States citizen. Department of Homeland Security ("DHS") agents began investigating Gallegos and Rios's marriage after Gallegos petitioned to dissolve their marriage. At the conclusion of the investigation, the agents believed Gallegos's marriage to Rios was fraudulent, and they initiated removal proceedings against Gallegos.

DHS filed a Notice to Appear ("NTA") with the immigration court on February 28, 2019, charging Gallegos as removable: (1) under 8 U.S.C. § 1227(a)(1)(A) as an alien who was inadmissible at the time she adjusted her LPR status because she procured admission through fraud or by willfully misrepresenting a material fact in violation of 8 U.S.C. § 1182(a)(6)(C)(i); (2) under 8 U.S.C. § 1227(a)(1)(A) because she did not possess valid immigration documents when she sought readmission into the United States as an LPR in violation of 8 U.S.C. § 1182(a)(7)(A)(i)(I); and (3) under 8 U.S.C. § 1227(a)(1)(G)(ii) for failing or refusing to fulfill a marital agreement which was made for the purpose of procuring admission as an immigrant.

Gallegos was provided with a copy of the NTA, which listed the date, time, and location of her hearing before the immigration court. The immigration court later mailed an amended NTA on March 31, 2019, informing Gallegos her hearing was rescheduled for October 8, 2019. Gallegos, however, failed to appear at the October 8, 2019, hearing. As a result, the immigration judge ("IJ") ordered Gallegos removed *in absentia* after finding DHS submitted evidence showing removability was established as charged.

Gallegos moved to reopen the removal proceedings and to rescind the *in absentia* order of removal under 8 C.F.R. § 1003.23(b)(4)(ii). Gallegos argued that exceptional circumstances prevented her from attending the removal hearing and submitted a sworn statement in support of her motion. In the statement, Gallegos admitted to receiving the amended NTA in March 2019, informing her of the new October hearing date. Gallegos explained that she misplaced the NTA while traveling and incorrectly remembered the hearing date as October 17, 2019. Gallegos attributed this misplacement to mental health issues, claiming she was treated for depression and anxiety in 2018 and was involuntarily hospitalized in January 2018. Gallegos attached medical records to her motion showing her mental health treatment. Those records, however, did not corroborate everything in her sworn statement. For example, the records attached did not indicate Gallegos was involuntarily hospitalized in January 2018—but they did show she received mental health treatment in July 2017. The records also contained a therapist's evaluation of Gallegos from October 24, 2019.

The IJ denied Gallegos's motion to reopen and rescind the *in absentia* order of removal. In a short, handwritten order, the IJ held Gallegos's depression did not amount to an exceptional circumstance. The IJ further noted Gallegos's 2017 treatment appeared irrelevant to her failure to attend the October 2019 hearing.[1]

Gallegos appealed to the Board arguing the IJ's decision failed to explain its reasoning for denying Gallegos's motion and Gallegos did establish exceptional circumstances. The Board ultimately affirmed the IJ's holding and adequately explained Gallegos failed to show that exceptional circumstances beyond her control prevented her from attending the October 2019 hearing. The Board held Gallegos's

---

[1]The IJ also found the NTA did contain the time, place, and date of the hearing. Gallegos argued the NTA failed to include the date and time of her hearing in her motion to reopen and rescind the *in absentia* removal proceedings. Gallegos has not challenged the IJ's finding and does not raise this argument here.

statement and the supporting medical documents did "not show that her mental condition was causally related to her failure to appear at the October 8 hearing." Thus, the Board held Gallegos failed to establish reopening the removal proceedings was warranted.

## II. Analysis

Gallegos petitions this court arguing the Board erred in affirming the IJ's denial of her motion to reopen the removal proceedings and to rescind the *in absentia* order of removal. We review the Board's "denial of a motion to reopen for an abuse of discretion." *Baker White v. Wilkinson*, 990 F.3d 600, 605 (8th Cir. 2021). "The [Board] abuses its discretion where it gives no rational explanation for its decision, departs from its established policies without explanation, relies on impermissible factors or legal error, or ignores or distorts the record evidence." *Patel v. Sessions*, 868 F.3d 719, 725 (8th Cir. 2017) (quoting *Guled v. Mukasey*, 515 F.3d 872, 882 (8th Cir. 2008)). And when the Board addresses questions of law, we review those legal determinations de novo. *Id.* at 723.

### A. Exceptional Circumstances

Gallegos first argues the Board abused its discretion in affirming the IJ's determination that Gallegos failed to establish exceptional circumstances. An alien who does not attend a removal proceeding must be removed *in absentia* when: (1) the alien is shown by "clear, unequivocal, and convincing evidence" to be removable and (2) the notice sent to the alien complied with the statutory requirements for notice. 8 U.S.C. § 1229a(b)(5)(A). This order may be rescinded only if the petitioner: (1) files a motion to reopen within 180 days after the date of the order of removal demonstrating the failure to appear was because of exceptional circumstances or (2) files a motion demonstrating the petitioner did not receive notice of the removal proceedings or was in "Federal or State custody" preventing him or her from attending the hearing. *Id.* § 1229a(b)(5)(C)(i)–(ii); *accord*

*Alvarado-Arenas v. Sessions*, 851 F.3d 827, 829 (8th Cir. 2017). The term "exceptional circumstances" under § 1229a(b)(5)(C)(i):

> refers to exceptional circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien.

*Id.* § 1229a(e)(1).

We conclude the Board did not abuse its discretion in determining Gallegos failed to show exceptional circumstances prevented her from attending the October 2019 hearing. By statute, misplacing an NTA or misremembering the date of a removal hearing is not an exceptional circumstance. *See* 8 U.S.C. § 1229a(e)(1); *see also* 8 C.F.R. § 1003.23(b)(4)(ii). Gallegos attempts to fit her misplacement of the NTA and her failure to recall the correct date into the statutory definition of "exceptional circumstance" by attributing her actions to her mental illness. But Gallegos does not claim the mental illness itself would have prevented her from attending the hearing had she found the NTA sooner and confirmed the hearing date. Thus, the Board did not abuse its discretion by determining Gallegos fails to show that mental illness was causally related to her failure to appear at the October 2019 hearing so as to create an "exceptional circumstance" as defined by Congress.[2]

---

[2]We also deny Gallegos's motion to remand in light of *Matter of S-L-H- & L-B-L-*, 28 I. & N. Dec. 318 (BIA 2021), which dealt with entirely different circumstances. Given that the Board applied the correct standard to Gallego's case, there is no reason to remand.

## B. Due Process

Gallegos next argues the Board abused its discretion by failing to address her argument that the IJ violated her due process rights by issuing a short, handwritten order denying her motion to reopen. Contrary to Gallegos's view, however, the Board did address this argument. The Board found the argument unpersuasive, stating the IJ "provided sufficient determinations for [the Board's] review" and addressed all issues "she raised in her motion to reopen regarding exceptional circumstances."

Moreover, the Board's treatment of Gallegos's arguments was legally sufficient for our review. We have previously explained that it is unnecessary for agencies "'to list every possible positive and negative factor in its decision,' or 'to write an exegesis on every contention.'" *Omondi v. Holder*, 674 F.3d 793, 800 (8th Cir. 2012) (quoting *Averianova v. Holder*, 592 F.3d 931, 936 (8th Cir. 2010)). Rather, "'the Board is entitled to a presumption of regularity' and does not have 'to mention every piece of evidence that it considered.'" *Gomez Gutierrez v. Lynch*, 811 F.3d 1053, 1061 (8th Cir. 2016) (quoting *Doe v. Holder*, 651 F.3d 824, 831 (8th Cir. 2011)). We only require "reasons that are 'specific' enough that a reviewing court can appreciate the reasoning behind the decision and perform the requisite judicial review." *Singh v. Gonzales*, 495 F.3d 553, 557 (8th Cir. 2007).

Here, the Board provided sufficient reasoning for our review. The Board rejected Gallegos's due process claim and concluded that the IJ's order provided an adequate basis for appellate review. This legal conclusion provides an adequate basis for our review, and we see no due process violation.

## C. Remaining Arguments

Gallegos's petition further contains two arguments that are not properly before us. First, Gallegos argues the Board erroneously engaged in factfinding.

Indeed, the "Board may not 'engage in factfinding,' except to 'take administrative notice of facts that are not reasonably subject to dispute.'" *Mencia-Medina v. Garland*, 6 F.4th 846, 848 (8th Cir. 2021) (quoting 8 C.F.R. § 1003.1(d)(3)(iv)(A)). But to exhaust a claim that the Board engaged in improper factfinding, a petitioner must move for the Board to reconsider its actions, thus presenting the issue to the Board. *Id.* at 849. Otherwise, this court lacks jurisdiction because the Board has yet to rule on the issue. *Id.* (citing *Lasu v. Barr*, 970 F.3d 960, 965 (8th Cir. 2020)). So, because Gallegos's argument of improper factfinding was never presented to the Board, the issue is not properly before this court on Gallegos's petition to review the Board's decision. *See id.*

Second, Gallegos argues the Board erred in dismissing her petition because the DHS did not prove she was removable by clear, unequivocal, and convincing evidence. But the motion at issue here is Gallegos's motion to reopen the removal proceedings and to rescind the *in absentia* order of removal. And under § 1229a(b)(5)(C), an order may be rescinded only if the alien demonstrates an exceptional circumstance that prevented the alien from attending the hearing or by establishing the alien did not receive notice. 8 U.S.C. § 1229a(b)(5)(C)(i)–(ii). Thus, under the plain language of the statute, an order cannot be rescinded by challenging the basis of the alien's removal and the evidence supporting it. *See Alvarado-Arenas*, 851 F.3d at 829 (affirming the Board's refusal to reopen because alien failed to satisfy "either of the two statutory bases for rescission of the removal order"). After all, Gallegos is appealing the Board's decision affirming the IJ's denial of her motion to reopen and rescind the *in absentia* order of removal—not the removal order itself. Gallegos's argument thus fails because she has not satisfied either requirement allowing the court to reopen her case and rescind the *in absentia* order of removal.

-7-

## III.  Conclusion

In conclusion, the Board did not abuse its discretion in dismissing Gallegos's motion to reopen the removal proceedings and to rescind the *in absentia* order of removal.  For this reason, the petition for review is denied.

_____