# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3318
_____

Robinson Misael Juarez-Vicente

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: September 20, 2023
Filed: November 7, 2023
_____

Before COLLOTON, GRASZ, and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

Robinson Juarez-Vicente, a citizen of Guatemala, petitions for review of a Board of Immigration Appeals (BIA) order upholding the denial of his application for asylum. Substantial evidence supported the BIA's determination, so we deny the petition.

I.

Juarez-Vicente is a citizen of Guatemala. He says that from elementary school through adulthood, his classmates and coworkers touched his "private parts" and subjected him to homophobic slurs because he is bisexual. He left university because of verbal abuse, and he quit his job at a restaurant after his coworkers harassed him. But he testified that he never suffered a physical injury, and he never reported the harassment to the police or to authorities at his school or workplace.

After his friend was murdered, Juarez-Vicente left for the United States. He was detained at the U.S. border after he entered without inspection. He applied for asylum, withholding of removal, and protections under the Convention Against Torture.

An immigration judge (IJ) denied his application, and he appealed to the BIA. The BIA dismissed his appeal, finding that he did not experience harm severe enough to be persecution and that he did not show that the Guatemalan government would be unwilling or unable to protect him from future harm. Juarez-Vicente only asks us to review the denial of his application for asylum.

II.

"To obtain asylum, [Juarez-Vicente] must demonstrate either past persecution or a well-founded fear of future persecution on account of his race, religion, nationality, political opinion, or membership in a particular social group." *Castillo-Gutierrez v. Lynch*, 809 F.3d 449, 452 (8th Cir. 2016). We review the BIA's decision on "the ultimate question of past persecution or well-founded fear of future persecution, as well as the findings underlying that determination, . . . under the substantial evidence standard." *He v. Garland*, 24 F.4th 1220, 1224 (8th Cir. 2022). "[W]e must affirm the BIA's factual decisions unless, after having reviewed the record as a whole, we determine that it would not be possible for a reasonable fact-

finder to adopt the BIA's position." *Galloso v. Barr*, 954 F.3d 1189, 1191–92 (8th Cir. 2020) (citation omitted).

A.

Juarez-Vicente argues that repeated sexual harassment by classmates and coworkers over more than ten years cumulatively is past persecution. "Persecution" is an "extreme concept" that involves severe suffering or harm, such as "the infliction or threat of death, torture, or injury to one's person or freedom, on account of a protected characteristic." *He*, 24 F.4th at 1224 (cleaned up) (citation omitted). "Low-level intimidation and harassment does not rise to the level of persecution." *Id.* at 1224–25 (citation omitted).

Juarez-Vicente compares his case to *Ngengwe v. Mukasey*, where a Cameroonian widow suffered both physical and non-physical harm—including harm from her in-laws, who confiscated all her property, threatened to take her children, and threatened to kill her unless she either married her late husband's brother or paid an unaffordable "bride's price." 543 F.3d 1029, 1036–37 (8th Cir. 2008). In that case, we remanded because the BIA did not fully consider the non-physical harm or whether the harm she suffered cumulatively constituted persecution. *Id.* at 1037.

But here, the BIA considered Juarez-Vicente's claims of non-physical harm and its cumulative effect. It found that the indignities he suffered did not rise to the level of persecution, and a reasonable factfinder could agree. *Cf. Uli v. Mukasey*, 533 F.3d 950, 952–56 (8th Cir. 2008) (denying petition for review of denial of asylum for an Indonesian Christian woman where she was twice groped in public, once awoke to find a Muslim man on top of her, and suffered sexual harassment from a supervisor).

Juarez-Vicente also encourages us to adopt a rule that repeated non-consensual sexual touching, or any other form of harassment, is *per se* persecution.

-3-

We decline to do so. *See He*, 24 F.4th at 1225 ("Consistent with the fact-specific teaching of [*INS v. Elias-Zacarias*, 502 U.S. 478 (1992)], we have not recognized *per se* persecution.").

## B.

Juarez-Vicente also argues that the BIA entirely failed to consider his well-founded fear of future persecution, which he tried to prove by showing a pattern or practice of harm against lesbian, gay, bisexual, and transgender (LGBT) Guatemalans that rises to the level of persecution. "Having failed to establish past persecution, [Juarez-Vicente] is not entitled to a presumption that he has a well-founded fear" of future persecution. *He*, 24 F.4th at 1225. But he may still prove a well-founded fear "by showing an objectively reasonable fear of particularized persecution or . . . a pattern or practice of persecution." *Id.* at 1225–26 (cleaned up) (citation omitted).

The BIA did not use any phrases like "pattern or practice" or "well-founded fear." But we can piece together its reasoning. *See Chanmouny v. Ashcroft*, 376 F.3d 810, 812 (8th Cir. 2004) ("Even where an administrative decision embodies 'less than ideal clarity,' we may uphold the decision 'if the agency's path may reasonably be discerned.'" (citation omitted)). Juarez-Vicente cited evidence of impunity for crimes against transgender women and alleged that police regularly extort and harass male and transgender sex workers. But as the BIA reasoned, he is neither a transgender woman nor a sex worker. Juarez-Vicente also argued that LGBT Guatemalans do not report crimes to police for fear of reprisal. But the BIA rejected this argument, noting that there was no evidence in the record to support it. He also testified that a gay man was once beheaded when Juarez-Vicente was a child. But there is no record evidence that gay men are regularly killed in Guatemala such that there is a pattern or practice of it. So a reasonable fact-finder could adopt the BIA's implicit position that Juarez-Vicente did not show a pattern or practice of persecution.

And even if Juarez-Vicente had established an objectively reasonable fear of severe harm, he still fails to establish that the harm is persecution. "'Persecution' is a harm that is 'inflicted either by the government of [a country] or by persons or an organization that the government was unable or unwilling to control.'" *Guillen-Hernandez v. Holder*, 592 F.3d 883, 886 (8th Cir. 2010) (citation omitted). Mere difficulty controlling private behavior is not enough. *Id.*

The BIA adopted the IJ's findings that (1) private actors harmed Juarez-Vicente and he never reported the harassment; (2) country conditions evidence shows that private actors perpetrate much of the harm against LGBT Guatemalans; and (3) the Guatemalan government has made efforts to address discrimination against LGBT Guatemalans in education, health care, employment, and housing. It concluded that Juarez-Vicente has not shown that the Guatemalan government is unwilling or unable to protect him. And on this record, we cannot say that "any reasonable adjudicator would be compelled to conclude to the contrary." *Galloso*, 954 F.3d at 1192 (quoting 8 U.S.C. § 1252(b)(4)(B)).

III.

The petition for review is denied.

_____