# United States Court of Appeals
## For the Eighth Circuit
_____

No. 23-1321
_____

Iris Quezada-Liborio

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: December 12, 2023
Filed: January 5, 2024
[Unpublished]
_____

Before GRUENDER, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

Iris Quezada-Liborio and her daughter are citizens of Mexico who entered the United States without valid entry documents. *See* 8 U.S.C. § 1182(a)(7)(A)(i)(I). The Department of Homeland Security quickly began removal proceedings against them. The two conceded removability and applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

An Immigration Judge denied the applications and ordered that the pair be removed to Mexico, so Quezada-Liborio and her daughter appealed to the Board of Immigration Appeals ("BIA"). While the appeal was pending, they filed a motion to remand because Quezada-Liborio's daughter had become eligible for an adjustment of status. A few months later, the BIA ruled on the motion and decided the appeal. It severed Quezada-Liborio's case from her daughter's, granted only her daughter's motion to remand, and dismissed Quezada-Liborio's appeal. The BIA concluded that Quezada-Liborio had not shown entitlement to asylum, withholding of removal, or protection under the CAT. Quezada-Liborio now petitions for review of the BIA's decision, attacking only the BIA's rejection of her asylum claim and the denial of the motion to remand as to her.

We reject Quezada-Liborio's argument that the BIA erred in determining her asylum claim. *See Juarez-Vincente v. Garland*, 85 F.4th 1258, 1262 (8th Cir. 2023) (standard of review). To obtain asylum, Quezada-Liborio must show that she is a refugee, *see* 8 U.S.C. § 1158(b)(1)(A), meaning that she is unwilling or unable to return to her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion," *id.* § 1101(a)(42)(A). In this context, "persecution" means "a harm that is inflicted either by the government of a country or by persons or an organization that the government was unable or unwilling to control." *Juarez-Vincente*, 85 F.4th at 1262 (internal quotation marks omitted).

Quezada-Liborio claims that, contrary to the BIA's determination, the evidence shows that she possesses a well-founded fear of gang violence if she returns to Mexico. Assuming for the sake of argument that Quezada-Liborio is correct, she nevertheless fails to establish a well-founded fear of "persecution." *See id.* The BIA concluded that Quezada-Liborio "did not show that the government of Mexico was unable or unwilling to protect her" from gang violence. Because she does not challenge this determination, her asylum claim necessarily fails. *See Coreas-Chavez v. Garland*, 52 F.4th 413, 416 (8th Cir. 2022); *see also Aguilar v. Garland*, 60 F.4th 401, 407 (8th Cir. 2023).

Quezada-Liborio also asserts that the BIA abused its discretion when it denied the motion to remand as to her because it failed to offer specific reasons for doing so. *See Campos Julio v. Barr*, 953 F.3d 550, 553 (8th Cir. 2020) (standard of review). We disagree. The four-sentence motion stated only that her daughter is "now eligible for an adjustment of status." The BIA considered that argument and explained why it justified remanding only her daughter's case for further proceedings. The BIA's explanation addressed the sole argument raised in the motion and sufficed to show why the BIA decided to dismiss Quezada-Liborio's appeal rather than remand. *See Gallegos v. Garland*, 25 F.4th 1087, 1092 (8th Cir. 2022) ("We only require reasons that are specific enough that a reviewing court can appreciate the reasoning behind the decision and perform the requisite judicial review." (internal quotation marks omitted)).

Petition denied.

_____