United States Court of Appeals
For the Eighth Circuit
No. 20-1724

Sergio Naun Mencia-Medina,

*Petitioner*,

v.

Merrick B. Garland, Attorney General,

*Respondent.*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: September 27, 2023
Filed: January 23, 2024

_____

Before COLLOTON, BENTON, and KELLY, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Sergio Mencia-Medina petitions for review of a decision by the Board of Immigration Appeals. The Board concluded that he was removable, and denied his request for a form of cancellation of removal available to children who have been battered by parents who are lawful permanent residents. *See* 8 U.S.C. § 1229b(b)(2). In a previous decision, we denied the petition for review on the ground that Mencia-

Medina did not exhaust his argument before the Board of Immigration Appeals. *Mencia-Medina v. Garland*, 6 F.4th 846 (8th Cir. 2021). The Supreme Court vacated the judgment and remanded for further consideration in light of *Santos-Zacaria v. Garland*, 598 U.S. 411 (2023). Having now considered the merits of the petitioner's arguments, we deny the petition for review.

## I.

Mencia-Medina is a native and citizen of Honduras. He entered the United States as a child with his mother in May 2001. Later that month, the former Immigration and Naturalization Service charged Mencia-Medina as removable because he was present in the country without admission. *See* 8 U.S.C. § 1182(a)(6)(A)(i). Mencia-Medina did not appear at the removal proceedings, and the immigration court in El Paso, Texas, ordered him removed *in absentia* in July 2001.

Mencia-Medina and his mother traveled to New Jersey to live with his father. Petitioner presented evidence that his parents neglected and abused him. He was placed in foster care for a time, but later returned to his parents. After his parents separated, Mencia-Medina moved to Minnesota with his mother, and she later became a lawful permanent resident.

In 2015, Mencia-Medina fathered a child with a woman who is now his ex-girlfriend. He was charged with sexual misconduct because the woman was underage, but the charge was dismissed.

In January 2016, while Mencia-Medina was visiting the home of his ex-girlfriend's mother, the girl's stepfather allegedly attacked him. The two men fought, and Mencia-Medina retrieved a samurai sword from his car. Mencia-Medina then followed the stepfather into the house, but ultimately gave up the sword without

striking the man. Based on this incident, Mencia-Medina was convicted in Minnesota of making threats of violence. *See* Minn. Stat. § 609.713, subdiv. 1.

In early 2019, Mencia-Medina moved the immigration court in El Paso to vacate and reopen his 2001 *in absentia* removal order. He also moved to transfer venue for the reopened proceedings to Minnesota. The court granted those motions.

In the reopened proceedings, Mencia-Medina conceded that he was removable, but applied for discretionary "special rule" cancellation of removal that is available to a child who has been battered by a permanent resident parent. *See* 8 U.S.C. § 1229b(b)(2). The immigration judge (IJ) granted Mencia-Medina's application for cancellation of removal. The Department of Homeland Security appealed that decision, and the Board reversed on the ground that Mencia-Medina did not deserve a favorable exercise of discretion.

The Board summarized that after "balancing all the relevant factors," petitioner's "many contacts with law enforcement, both as a juvenile and as an adult, outweigh the favorable factors of record." The Board considered petitioner's "hardship upon removal" and his "achievements despite adversity" but was not convinced that he warranted a favorable exercise of discretion. Mencia-Medina timely petitioned this court for review.

## II.

### A.

Mencia-Medina first contends that the Board exceeded the permissible scope of review of the immigration judge's decision by engaging in its own fact-finding. In our first decision, applying *Lasu v. Barr*, 970 F.3d 960 (8th Cir. 2020), we concluded that the claim was not properly exhausted because Mencia-Medina did not

raise the issue with the Board. In *Santos-Zacaria*, the Supreme Court held that there is no statutory requirement to exhaust a claim of impermissible fact-finding. 598 U.S. at 431. On remand, the government suggested at oral argument that we should nonetheless apply a court-imposed exhaustion requirement. *Cf. Etchu-Njang v. Gonzales*, 403 F.3d 577, 583 (8th Cir. 2005). The government, however, did not raise this contention in its opening brief or in any supplemental brief, and any such requirement would not be jurisdictional. *See Sims v. Apfel*, 530 U.S. 103, 106 n.1 (2000). We therefore assume without deciding that further administrative exhaustion was not required, and we proceed to the merits of petitioner's contention.

The Board reviews an immigration court's factual findings for clear error, and its discretionary decisions *de novo*. 8 C.F.R. § 1003.1(d)(3)(i)-(ii). The Board may "not engage in factfinding," except to "take administrative notice of facts that are not reasonably subject to dispute." *Id.* § 1003.1(d)(3)(iv)(A). Although the Board "may not disregard the IJ's factual findings and supplant them with its own, absent a finding of clear error," the Board "has the discretion to weigh [those] factual findings differently." *Waldron v. Holder*, 688 F.3d 354, 361 (8th Cir. 2012). Whether the Board applied the correct standard of review is a legal question that we review *de novo*. *Garcia-Mata v. Sessions*, 893 F.3d 1107, 1109 (8th Cir. 2018).

Mencia-Medina complains primarily that the Board impermissibly found facts when it determined that his altercation with the ex-girlfriend's stepfather "had caused great pain, and that the family of the victim lived in fear of retaliation from [Mencia-Medina] and his family." He points to the IJ's finding that "no serious bodily injury resulted" from the altercation, and that petitioner "harmed no one with the sword." Mencia-Medina also asserts that the IJ made an "implicit finding" that he did not pose a continuing threat when the IJ found that petitioner's offense "was triggered by his extremely traumatic childhood."

We are not convinced that the Board impermissibly found facts or disregarded findings of the IJ on these matters. The IJ found that petitioner's offense caused no physical harm, but the Board properly relied on emotional or mental harm arising from the petitioner's conduct. The victim impact statement of the ex-girlfriend's mother in petitioner's criminal case expressed "the pain of a mother," reported that petitioner had caused "much pain" in the lives of her family, and explained that her daughter had "changed from being happy, to now suffering with stress, worries and depression."

The Board did not contradict the IJ's findings on absence of physical harm. Consistent with the IJ's finding that petitioner and his ex-girlfriend had a "complicated relationship," the Board permissibly weighed differently the evidence of other harm that Mencia-Medina caused to his ex-girlfriend and her daughter. The IJ did not find that petitioner posed no continuing threat to others, so the Board's decision to weigh the ex-girlfriend's fear of retaliation did not impermissibly disregard a finding of fact. The Board acknowledged and considered mitigating factors cited by the IJ, but permissibly placed greater weight on evidence that the IJ did not discuss. *See Urrutia Robles v. Barr*, 940 F.3d 420, 422 (8th Cir. 2019).

Mencia-Medina next complains that the Board relied on new facts to weaken the IJ's finding that his family would suffer hardship if he were removed from the country. He objects to the Board's observation that neither petitioner's mother nor his child testified at the evidentiary hearing, and suggests that the Board necessarily disregarded the IJ's finding that his mother and child would suffer greatly if petitioner were removed. The Board, however, recognized petitioner's "close family ties here including his lawful permanent resident mother" and his "United States citizen child." The Board acknowledged that petitioner would suffer "hardship upon removal," but concluded that his criminal history and contacts with law enforcement outweighed the factors that supported cancellation of removal. Again, the Board permissibly

weighed the relevant evidence and exercised its own discretion without impermissibly finding facts or disregarding factual findings of the IJ.

B.

Mencia-Medina raises two additional challenges. He contends that the Board applied an incorrect legal standard when making its discretionary decision to deny withholding of removal, and that the Board rendered an unreasoned, internally inconsistent decision.

Mencia-Medina applied for "special rule" cancellation of removal, a form of relief available to aliens who have been "battered or subjected to extreme cruelty" by a parent who is a lawful permanent resident. 8 U.S.C. § 1229b(b)(2)(A)(i)(II). To establish eligibility for relief, the alien must show, among other things, that he "has been a person of good moral character during" the three years preceding his application, and is not inadmissible or deportable for committing a crime involving moral turpitude. *Id.* § 1229b(b)(2)(A)(iii)-(iv). Even if the alien meets the statutory criteria for eligibility, however, § 1229b(b) "provides that the attorney general 'may' grant cancellation of removal to an eligible individual and thus the attorney general's decision whether to grant or deny relief is discretionary." *Saleheen v. Holder*, 618 F.3d 957, 960 (8th Cir. 2010). Although we have jurisdiction to review the predicate legal question whether the Board properly applied the law in determining eligibility, we lack jurisdiction to review an ultimate decision denying cancellation of removal as a matter of discretion. *Id.* at 961; *see* 8 U.S.C. § 1252(a)(2)(B)(i), (D).

Mencia-Medina first claims that the Board made an error of law by citing and applying the factors applicable to cases under § 1229b(a), which concerns cancellation of removal for certain permanent residents, rather than § 1229b(b), which governs cancellation for certain nonpermanent residents. The Board cited *In re C-V-*

-6-

*T-*, 22 I. & N. Dec. 7 (BIA 1998), a case concerning cancellation under § 1229b(a), for the "relevant factors to be considered in a discretionary determination." Mencia-Medina notes that the Board has found it "prudent to avoid cross-application, as between different types of relief from deportation, of particular principles or standards for the exercise of discretion." *Id.* at 12 (internal quotation omitted). Therefore, he argues, the Board should have cited a decision like *Matter of A-M-*, 25 I. & N. Dec. 66 (BIA 2009), and considered "additional factors" in making a discretionary decision under § 1229b(b). *See id.* at 77.

In particular, Mencia-Medina contends that the Board failed to consider the context of domestic abuse in deciding whether to grant discretionary relief. In reaching its discretionary determination, however, the Board expressly considered—as one of several "significant favorable factors"—that Mencia-Medina "was mistreated by family members and others when he was a child, causing him to suffer from psychological problems." The Board's citation of *In re C-V-T-* does not establish legal error where the decision elsewhere considered the very factor that Mencia-Medina says was mistakenly ignored.

Mencia-Medina also argues that the Board's decision is internally inconsistent and unreasoned. He contends that the Board, by assuming his eligibility for special rule cancellation of removal for the sake of analysis, necessarily concluded that he was "of good moral character." *See* 8 U.S.C. § 1229b(b)(2)(A)(iii). In light of that determination, he maintains, the Board rendered an unreasoned decision by denying a favorable exercise of discretion.

This challenge to the agency's exercise of discretion is insufficient to establish appellate jurisdiction. The eligibility inquiry and the discretionary decision are analytically distinct: the Board may find a petitioner eligible for special rule cancellation of removal under the statute, but nevertheless undeserving of relief as a

matter of discretion. *Saleheen*, 618 F.3d at 961-62. Mencia-Medina's position would effectively eliminate the Attorney General's discretion by dictating that there is no reasoned basis for an unfavorable exercise of discretion once an alien has met the statutory criteria for eligibility. The Board here cited "notable negative factors of record," and determined "[u]pon balancing all the relevant factors" that Mencia-Medina's "many contacts with law enforcement, both as a juvenile and as an adult, outweigh the favorable factors of record." An alien cannot create appellate jurisdiction simply by attacking the Board's reasoning for the exercise of its discretion. *Id*.

*       *       *

For these reasons, the petition for review is denied.

_____