# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2269

_____

Diego Cesar Tojin-Tiu

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: January 14, 2022
Filed: May 12, 2022

_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.

_____

LOKEN, Circuit Judge.

Diego Cesar Tojin-Tiu, a citizen of Guatemala, entered the United States without inspection in March 2016, a month before his eighteenth birthday. The Department of Homeland Security commenced removal proceedings. Tojin conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He claims past persecution and a well-founded fear of future persecution on account of his membership in two social groups, his

father's immediate family and "young Guatemalan men who refuse to cooperate with gang members." After an initial screening by the Citizenship and Immigration Services, the case returned to the immigration court. An Immigration Judge (IJ) denied Tojin's application after a hearing. Tojin appealed; the Board of Immigration Appeals (BIA) affirmed with an opinion. Tojin petitions for review of the final order of removal. We deny the petition for review.

## I. Administrative Proceedings

Tojin and his father, Miguel Tojin Chevela -- who previously entered the United States and had a pending asylum application -- testified at the asylum hearing. The IJ found their testimony credible. The family lived in the village of Cecilia, Cunen, in the department of Quiché. Miguel was second-in-command of the village's local government and served on the Mayan Security Council, a local organization that fought police corruption. In May 2009, while driving a load of construction supplies, Miguel was kidnapped by a group of men who beat and starved him over the course of three days, demanded ransom, then took the load of construction supplies and released him. The men threatened to kill Miguel's family if he reported the incident to the police. Miguel inferred the men were associated with the police based on the Security Council's investigations.

After this incident, Miguel received calls and letters threatening to kill him and his family if they did not pay money. He believed the threats came from his kidnappers or a group of cattle thieves the Council had helped expose. The family moved to the town of Playa Grande several hours away. The extortionate threats continued. The family moved further away to Santa Maria Tzeja. Miguel left for the United States while Tojin and the family lived in Santa Maria Tzeja unharmed for several years. In 2015, they moved back to a different village in Cunen, Pachalip, after hearing a rumor someone was looking for the sons of Miguel Tojin in Playa Grande. In Pachalip, Tojin had several run-ins with gang members trying to recruit.

The run-ins culminated with gang members cutting Tojin's face with a knife and threatening his friend at gunpoint. After this encounter, Tojin and his brother came to the United States. The rest of his family remains unharmed in Guatemala.

In an Oral Decision accompanied by an Addendum of Law, the IJ denied Tojin asylum, withholding of removal, and CAT relief, concluding that he did not suffer past persecution or have a well-founded fear of future persecution, neither of his social groups were cognizable, and he did not show a nexus between his alleged persecution and the proposed social groups. The IJ further found that Tojin had not shown the government was unwilling or unable to protect him or that he could not safely relocate within Guatemala. The BIA affirmed the IJ's decision in a five-page opinion. Tojin now petitions for judicial review.

## II. Discussion

To be eligible for asylum, Tojin must show that he is a refugee, 8 U.S.C. § 1158(b)(1)(A), who is unwilling or unable to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). We review the BIA's decision, the final agency action, and findings and reasoning of the IJ adopted by the BIA. Cano v. Barr, 956 F.3d 1034, 1038 (8th Cir. 2020). We review questions of law de novo. We review factual determinations, including "the ultimate question of past persecution or well-founded fear of future persecution," under the substantial evidence standard. He v. Garland, 24 F.4th 1220, 1224 (8th Cir. 2022). Under this standard, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Tojin argues his case must be remanded for a new hearing because the IJ and BIA, in determining that membership in the immediate family of Tojin's father was

not a cognizable social group, relied on agency decisions that were subsequently vacated in anticipation of a formal rulemaking defining "particular social group." See Matter of A-B-, 28 I. & N. Dec. 307 (A.G. 2021); Matter of L-E-A-, 28 I. & N. Dec. 304 (A.G. 2021). We disagree because, even if his father's immediate family was a cognizable social group, Tojin's application fails for other reasons.

First, substantial evidence supports the IJ and BIA determinations that Tojin has not established a nexus between the persecution he allegedly suffered and either of his proposed social groups. Nexus requires a showing that membership is "at least one central reason" for his persecution. 8 U.S.C. § 1158(b)(1)(B)(i). All of the threats against the family were accompanied by extortionate demands for money. Applying the substantial evidence standard, a "reasonable factfinder could conclude [Tojin's] family membership is not a central reason for the threat . . . but is only incidental or tangential to the extortionists' motivation -- money." Silvestre-Giron v. Barr, 949 F.3d 1114, 1118 (8th Cir. 2020) (cleaned up); accord Cambara-Cambara v. Lynch, 837 F.3d 822, 826 (8th Cir. 2016). Tojin's separate encounters with gang recruiters -- the other harm he alleges -- had no relation to his family-based social group, and his proposed social group of "young, Guatemalan men who refuse to cooperate with gang members" is not cognizable under our established precedent. See Gaitan v. Holder, 671 F.3d 678, 681 (8th Cir. 2012).

Second, substantial evidence supports the IJ and BIA determination that Tojin did not suffer past persecution. "Not all threats of death necessarily amount to persecution, for example, threats that are exaggerated, nonspecific, [or] lacking in immediacy." Tegegn v. Holder, 702 F.3d 1142, 1144 (8th Cir. 2013) (quotation omitted). The IJ found that Tojin "was never directly harmed or threatened" by his father's extortionists. And despite Tojin's contentions, the single violent encounter

with gang members does not rise to the "extreme concept" of persecution, which "excludes low-level intimidation and harassment." Cano, 956 F.3d at 1039.[1]

Third, in finding Tojin failed to establish a well-founded fear of future persecution, the IJ noted that his father had been out of Guatemala for a decade, and the only evidence of a continuing threat was a hearsay rumor that someone was looking for the sons of Miguel Tojin. This is not "credible, direct, and specific evidence that show[s] a reasonable person in the alien's position would fear persecution if returned to the alien's native country." Litvinov v. Holder, 605 F.3d 548, 553 (8th Cir. 2010). That Tojin's mother and sisters remained in Guatemala unharmed further undermines the claimed reasonableness of his fear. See Bernal-Rendon v. Gonzales, 419 F.3d 877, 881 (8th Cir. 2005). It also tends to show that he could avoid future persecution or torture by relocating within Guatemala.

Fourth, Tojin does not contest the IJ's finding that the alleged persecution was not by persons the Guatemalan government was unwilling or unable to control. See La v. Holder, 701 F.3d 566, 571 (8th Cir. 2012).

Because Tojin has not met the standard for asylum, he cannot meet the higher standard required for withholding of removal, and he presented no evidence supporting his application for CAT relief beyond what he relied on for his asylum claim. See La, 701 F.3d at 572-73.

For the foregoing reasons, we deny the petition for review.

_____

_____

[1]Tojin argues the IJ erred in failing to consider his age when evaluating whether he suffered past persecution. He did not raise this issue before the BIA, and therefore has not exhausted it for our review. 8 U.S.C. § 1252(d)(1); see Mecina-Medina v. Garland, 6 F.4th 846, 848 (8th Cir. 2021).