# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 21-2655

———————————————

Alvaro Antonio Alvarenga-Santos;
Maria Pleitez-De Alvarenga; A.A.A.P.; E.K.A.P.

*Petitioner*s

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

——————————

Petition for Review of an Order of the
Board of Immigration Appeals

——————————

Submitted: January 14, 2022
Filed: July 21, 2022
[Unpublished]

——————————

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.

——————————

PER CURIAM.

Alvaro Antonio Alvarenga-Santos, Maria Pleitez-De Alvarenga, and their two minor children, all citizens of El Salvador, petition for review of a Board of Immigration Appeals ("BIA") order denying them asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT"). We deny their petition.

To qualify for asylum, an applicant must show either past persecution or a well-founded fear of future persecution because of race, religion, nationality, political opinion, or membership in a particular social group. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i). The family members here argued they had suffered past persecution and had a well-founded fear of future persecution by the Mara Salvatrucha ("MS") gang in El Salvador based on Alvaro's membership in a particular social group of landowning cattlemen. They presented evidence that before they fled to the United States, the MS gang had extorted them by making threatening phone calls, twice attacking the family's house with guns and rocks, and stealing and killing cattle. They also testified they believed the gang was still looking for them and would kill them if they returned to El Salvador.

Even assuming "landowning cattlemen" is cognizable as a particular social group,[1] substantial evidence supports the finding that the family members failed to establish a nexus between the proposed social group and any persecution they suffered or feared. *See* 8 U.S.C. § 1158(b)(1)(B)(i) (requiring an asylum applicant to establish the claimed protected ground "was or will be at least one central reason for persecut[ion]"); *Silvestere-Giron v. Barr*, 949 F.3d 1114, 1119 & n.3 (8th Cir. 2020) (reviewing the requisite nexus determination for substantial evidence). Alvaro admitted the MS gang threatened not only landowning cattlemen but anyone in the community who the gang believed had money. He acknowledged the gang focused on business owners whose businesses generated more money than others. Similarly, Maria said she thought the gang threatened her family because the family

---

[1]We have affirmed a determination by the BIA that a proposed social group of "a wealthy family of landowners who have been victims of extortion, murder, attempted murder, internal displacement and intimidation for over fifteen years" was "not cognizable," suggesting such a social group was too amorphous and lacked the necessary social visibility to qualify for protection. *De Castro-Gutierrez v. Holder*, 713 F.3d 375, 381 (8th Cir. 2013).

had money. Considering this testimony and the administrative record as a whole, a reasonable factfinder could conclude the MS gang was not, and would not be, motivated to persecute the family because of Alvaro's status as a landowning cattleman, but instead because of the family's perceived wealth. *See Cano v. Barr*, 956 F.3d 1034, 1040 (8th Cir. 2020) (concluding the BIA's lack of nexus determination was supported by substantial evidence when the evidence failed to show a noncitizen's purported past persecution arose from his proposed particular social group but instead showed it occurred because he was a business owner and thus a target for extortion); *Cambara-Cambara v. Lynch*, 837 F.3d 822, 826 (8th Cir. 2016) (similar). Thus, substantial evidence supports the BIA's lack-of-nexus determination, which dooms the family members' asylum applications, *see Baltti v. Sessions*, 878 F.3d 240, 245 (8th Cir. 2017) (explaining "the lack of nexus is a basis to deny an asylum application"), as well as their withholding of removal applications, *Martin Martin v. Barr*, 916 F.3d 1141, 1145 (8th Cir. 2019) (explaining a noncitizen who cannot establish eligibility for asylum necessarily cannot meet the more rigorous standard of proof for withholding of removal).[2]

---

[2]As the family members did not challenge the immigration judge's decision regarding their CAT applications to the BIA, we do not consider them here. *See Tojin-Tiu v. Garland*, 33 F.4th 1020, 1024 n.1 (8th Cir. 2022) (citing 8 U.S.C. § 1252(d)(1)).