# United States Court of Appeals

### For the Eighth Circuit

_____

No. 22-1659

_____

Miguel Velasquez-Guico; Liz Velasquez-Gutierrez; Tomas Velasquez-Gutierrez

*Petitioner*s

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: November 7, 2022
Filed: November 10, 2022
[Unpublished]

_____

Before BENTON, ERICKSON, and KOBES, Circuit Judges.

_____

PER CURIAM.

Guatemalan citizens Miguel Velasquez-Guico, and Liz and Tomas Velasquez-Gutierrez (collectively, the Velasquezes), petition for review of an order of the Board of Immigration Appeals affirming the decision of an immigration judge

(IJ) denying them asylum and withholding of removal.[1] Having jurisdiction under 8 U.S.C. § 1252, this court denies the petition.

This court finds no error in the determination that the Velasquezes' proposed particular social group (PSG) was not cognizable. *See Rosales-Reyes v. Garland*, 7 F.4th 755, 759 (8th Cir. 2021) (whether group qualifies as PSG is a question of law, reviewed de novo, and turns on whether group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question); *cf. Tojin-Tiu v. Garland*, 33 F.4th 1020, 1024 (8th Cir. 2022) (PSG of "'young, Guatemalan men who refuse to cooperate with gang members' is not cognizable under our established precedent"); *Rivas v. Sessions*, 899 F.3d 537, 541 (8th Cir. 2018) (proposed group of "women who are targeted to become gang girlfriends" was not particular, as particularity requires that the social group be defined by characteristics that provide a clear benchmark for determining who falls within the group; and it was not socially distinct, as persecutory conduct alone cannot define a group).

Even if the proposed PSG were cognizable, substantial evidence supports the IJ's conclusion that the Velasquez family failed to show the harms they feared were because of their membership in the group rather than based on general country violence. *See Garcia-Moctezuma v. Sessions*, 879 F.3d 863, 869 (8th Cir. 2018) (standard of review; this court will reverse only if it determines that a reasonable factfinder "would have to conclude" that the petitioner's proposed protected ground "actually and sufficiently motivated his persecutors' actions"). As either of these conclusions is sufficient to doom their claims for relief from removal, the court declines to consider the Velasquezes' remaining challenges to the denial of relief. *See Tino v. Garland*, 13 F.4th 708, 710 (8th Cir. 2021) (where substantial evidence

---

[1]The denial of relief under the Convention Against Torture is not before this panel. *See Agha v. Holder*, 743 F.3d 609, 616 (8th Cir. 2014) (noncitizens may appeal only issues exhausted at administrative level); *Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004) (claim not raised in opening brief is waived).

supported determination that noncitizen failed to demonstrate nexus between persecution and PSG, failure was dispositive of asylum claim); *Miranda v. Sessions*, 892 F.3d 940, 944 (8th Cir. 2018) (noncitizen necessarily could not show any past or future persecution would be on account of a protected ground where PSG was not cognizable); *see also Martin Martin v. Barr*, 916 F.3d 1141, 1145 (8th Cir. 2019) (noncitizen who cannot establish eligibility for asylum necessarily cannot meet the more rigorous standard of proof for withholding of removal).

The petition is denied. *See* 8th Cir. R. 47B. The request for oral argument is denied as moot.

_____