# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3212
_____

Sandra Estela Calvo-Tino; A.M.L.C.

*Petitioner*s

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: June 13, 2024
Filed: July 12, 2024

_____

Before LOKEN, ERICKSON, and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

Sandra Estela Calvo-Tino and her minor daughter, A.M.L.C., (collectively, Petitioners) seek review of the Board of Immigration Appeals's dismissal of their appeal from the Immigration Judge's order of final removal against them. They raise three arguments. First, the Board erred by not analyzing the Immigration Judge's denial that Calvo-Tino's particular social group was cognizable for purposes of asylum and withholding of removal. Second, the Board erred by finding the

Petitioners had not suffered past persecution to be entitled to asylum and withholding of removal. And third, the Board erred by finding Calvo-Tino had not shown a personalized fear of torture to be entitled to relief under the Convention Against Torture (CAT). For the reasons discussed below, we deny the petition.

## I. Background

Petitioners are natives and citizens of Guatemala. A.M.L.C. has a genetic disorder associated with a form of Lenox-Gastaut syndrome. Lenox-Gastaut syndrome causes a form of epilepsy; it is associated with seizure disorders and significant impairment of development. If not medically treated, A.M.L.C. faces risks of brain damage, neurological deterioration, and sudden death. Calvo-Tino accompanies her daughter everywhere and assists her with most basic tasks.

In their small Guatemalan community, Petitioners have limited access to adequate medical care. Petitioners allege Calvo-Tino was persecuted by hospital staff at the government-run hospital where she would take her daughter. Calvo-Tino claims hospital staff mistreated her daughter, accusing them of trying to poison A.M.L.C. on multiple occasions. On one occasion, Calvo-Tino thought hospital staff gave her daughter medicine only fit for an adult because of the pill's large size. On another occasion, Calvo-Tino thought medical staff improperly tied A.M.L.C. to a bed to give her injections during a severe seizure episode when she was unable to breathe. Despite Calvo-Tino's fears of abusive treatment, Calvo-Tino declined to go to the police because she thought they would not help.

In October 2016, Petitioners entered the United States. On October 9, 2016, the Department of Homeland Security served Petitioners with Notices to Appear, charging them as inadmissible aliens present without admission or parole under 8 U.S.C. § 1182(a)(6)(A)(i). Petitioners conceded their inadmissibility to the United States, and they applied for asylum, withholding of removal, and CAT protection.

After a hearing, the Immigration Judge denied all relief, finding Calvo-Tino had not suffered persecution in Guatemala, had not established a well-founded fear of future persecution, her proposed particular social group of "parents of permanently disabled or handicapped individuals" was not cognizable, and she had not demonstrated any likelihood of torture. Petitioners appealed to the Board. The Board adopted and affirmed the Immigration Judge's findings, and it dismissed the appeal. Calvo-Tino petitions us to review the Board's decision.

## II. Analysis

"[W]e review 'decisions on asylum, withholding of removal, and CAT protection under the substantial evidence standard, upholding the decision if it is supported by reasonable, substantial, and probative evidence based on the record as a whole.'" *Lemus-Arita v. Sessions*, 854 F.3d 476, 480 (8th Cir. 2017) (quoting *Fofana v. Holder*, 704 F.3d 554, 557 (8th Cir. 2013)). We apply the substantial evidence standard to both the Board's factual findings and its ultimate conclusion that a petitioner failed to prove past persecution or a well-founded fear of future persecution. *See He v. Garland*, 24 F.4th 1220, 1224 (8th Cir. 2022), *cert. dismissed*, 143 S. Ct. 2694 (2023). "We review legal determinations *de novo*[.]" *Id.*

"Only the [Board's] order is subject to our review, including the [Immigration Judge's] findings and reasoning to the extent they were expressly adopted by the [Board]." *Pacheco-Mota v. Garland*, 84 F.4th 762, 765 (8th Cir. 2023) (quoting *Silvestre-Giron v. Barr*, 949 F.3d 1114, 1117 (8th Cir. 2020)). We view the administrative factual findings as conclusive "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Durakovic v. Garland*, 101 F.4th 989, 993 (8th Cir. 2024) (cleaned up) (quoting 8 U.S.C. § 1252(b)(4)(B)).

Asylum is available to a petitioner if the Attorney General "determines that such [petitioner] is a *refugee* within the meaning of section 1101(a)(42)(A) of this title." 8 U.S.C. § 1158(b)(1)(A) (emphasis added). A "refugee" includes any person who is "unable or unwilling to return to [her country of origin] because of

persecution or a well-founded fear of persecution on account of . . . membership in a particular social group[.]" *Id.* § 1101(a)(42)(A). Meanwhile, to obtain withholding of removal, a petitioner must show "a clear probability that [her] life or freedom would be threatened on the basis of [her membership in a particular social group] if removed to [her country of origin.]" *Cano v. Barr*, 956 F.3d 1034, 1038 (8th Cir. 2020) (first alteration in original) (quoting *Osonowo v. Mukasey*, 521 F.3d 922, 926 (8th Cir. 2008)); *see also* 8 U.S.C. § 1231(b)(3). If Petitioners "cannot meet the standard for asylum," then they necessarily fail to meet the "more rigorous" standard for withholding of removal. *Guled v. Mukasey*, 515 F.3d 872, 881 (8th Cir. 2008).

Petitioners argue the Board erred in adopting the Immigration Judge's finding that Calvo-Tino had not suffered past persecution. "'Persecution' is an 'extreme concept' that involves severe suffering or harm, such as 'the infliction or threat of death, torture, or injury to one's person or freedom, on account of a protected characteristic.'" *Juarez-Vicente v. Garland*, 85 F.4th 1258, 1261 (8th Cir. 2023) (quoting *He*, 24 F.4th at 1224). "Low-level intimidation and harassment does not rise to the level of persecution." *He*, 24 F.4th at 1224–25 (quoting *Eusebio v. Ashcroft*, 361 F.3d 1088, 1090 (8th Cir. 2004)). We have rejected claims of persecution in cases only involving cumulative social indignities, low-level harassment, or verbal insults. *See, e.g.*, *Juarez-Vicente*, 85 F.4th at 1260–62 (denying petition for review when petitioner's cited persecution amounted to instances of "non-consensual sexual touching" and "homophobic slurs").

A refugee who establishes past persecution is "presumed to have a well-founded fear of persecution," and would therefore be entitled to asylum, unless the factfinder makes specific findings rebutting that presumption. 8 C.F.R. § 1208.13(b)(1). "'Without the aid of the presumption, an asylum applicant may prove a well-founded fear of future persecution by showing an objectively reasonable fear of *particularized* persecution,' or by showing a pattern or practice of persecution." *He*, 22 F.4th at 1225–26 (quoting *Woldemichael v. Ashcroft*, 448 F.3d 1000, 1004 (8th Cir. 2006)).

-4-

Though the Immigration Judge—and the Board, in adopting the Immigration Judge's findings—found Calvo-Tino to be a credible witness, the Immigration Judge did not think A.M.L.C.'s medical treatment amounted to past persecution. As to the hospital staff's alleged poisoning of A.M.L.C., the Immigration Judge stated, "the Court was presented no evidence on what medication [A.M.L.C.] was actually given in the hospital and [Calvo-Tino] did not speak to anyone [at the hospital] about this incident." As to the hospital staff's alleged attempt to kill A.M.L.C. during one of her seizures, the Immigration Judge concluded, "while [A.M.L.C.] may have been restrained in the hospital while having a seizure, there was no evidence presented this was even sub-standard medical treatment let alone done to actually harm [A.M.L.C.]" The Board agreed: "We acknowledge that [Petitioners'] experiences have been difficult. However, we agree with the Immigration Judge that [Cavlo-Tino] has not demonstrated that the hospital staff mistreated her daughter, or that anyone in Guatemala harmed her or her daughter."

Petitioners argue if the Immigration Judge and Board found Calvo-Tino credible as to what transpired (e.g., hospital staff restrained her daughter during a seizure), then they were required to accept Calvo-Tino's beliefs as to the medical significance of the hospital staff's actions (e.g., hospital staff tried to murder her daughter in front of her). But it was Petitioners' burden to provide evidence of persecution, *see Pascual-Miguel v. Garland*, 89 F.4th 657, 660 (8th Cir. 2023), and we cannot say her account of events "was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution," *INS v. Elias-Zacarias*, 502 U.S. 478, 483–84 (1992).

Having failed to show the Board erred in finding no past persecution, Petitioners do not brief the issue of whether they otherwise established a well-founded fear of future persecution. Thus, they have waived any argument on that issue, and we do not address issues on which petitioners provide "no meaningful argument" in their opening brief. *Averianova v. Holder*, 592 F.3d 931, 935 (8th Cir. 2010). And because Petitioners fail to show persecution, we need not address their argument that the Board should have analyzed whether the particular social group

of parents with disabled children is cognizable. *See Tojin-Tiu v. Garland*, 33 F.4th 1020, 1023 (8th Cir. 2022) (holding there is no need to consider whether a particular social group is cognizable when a petition for review "fails for other reasons").

Petitioners also fail to show entitlement to CAT relief. "An applicant is eligible for CAT relief if he proves that 'it is more likely than not that he . . . would be tortured if removed to the proposed country of removal.'" *Pacheco-Moran v. Garland*, 70 F.4th 431, 438 (8th Cir. 2023) (ellipsis in original) (quoting 8 C.F.R. § 1208.16(c)(2)). "Separate analysis of a CAT claim is required only when there is evidence that the person might be tortured for reasons unrelated to his claims for asylum and withholding of removal." *Id.*; *see also Pascual-Miguel*, 89 F.4th at 660. If they are returned to Guatemala, Petitioners fear "torture" for the same reasons they fear "persecution" in their asylum and withholding of removal claims; Calvo-Tino will suffer the "mental torture" of being present during A.M.L.C.'s medical treatments. As the Board concluded, Calvo-Tino "has not established how she individually would be more likely than not to be tortured . . . due to the difficulties experienced by her daughter's medical condition." Just as with her claims for asylum and withholding of removal, Petitioners' CAT claim fails for lack of evidence. *See Pascual-Miguel*, 89 F.4th at 660.

### III. Conclusion

We deny the petition for review.

_____