# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1650

_____

Ruben Gallegos-Trevizo

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: December 4, 2024
Filed: December 9, 2024
[Unpublished]

_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Mexican citizen Ruben Gallegos-Trevizo petitions for review of an order of the
Board of Immigration Appeals (BIA). The BIA dismissed his appeal from the

decision of an immigration judge (IJ) denying his claims for withholding of removal and protection under the Convention Against Torture (CAT).[1]

Upon careful consideration, we conclude that substantial evidence supports the agency's determination that Gallegos-Trevizo was not entitled to withholding of removal, because he did not establish a clear probability that his life or freedom would be threatened because of a protected ground. See 8 U.S.C. § 1231(b)(3)(A); Alvarez-Gomez v. Garland, 56 F.4th 582, 588 (8th Cir. 2022) (noncitizen may show clear probability that life or freedom would be threatened either by showing past persecution, or by showing it is "more likely than not" he would be persecuted upon removal regardless of past persecution); see also Calvo-Tino v. Garland, 107 F.4th 861, 865 (8th Cir. 2024) (decisions on withholding of removal are reviewed for substantial evidence). Specifically, we agree with the agency that Gallegos-Trevizo's proposed particular social group, "returning deportees from the United States," was not cognizable, and that he established neither past persecution, nor a clear probability of future persecution, on account of his membership in a protected group. See Cano v. Barr, 956 F.3d 1034, 1038 (8th Cir. 2020) (persecution involves infliction or credible threat of death, torture, or injury, on account of a protected characteristic; it is an extreme concept that excludes low-level intimidation and harassment); Miranda v. Sessions, 892 F.3d 940, 943 (8th Cir. 2018) (requirements to establish valid proposed particular social group; whether proposed group is cognizable is a question of law, reviewed de novo). Substantial evidence also supports the denial of CAT relief. See Calvo-Tino, 107 F.4th at 865 (standard of review); Guled v. Mukasey, 515 F.3d 872, 881-82 (8th Cir. 2008) (separate analysis

---

[1]The denial of asylum and any challenge to the IJ's decision regarding Gallegos-Trevizo's alternative proposed particular social group, "Mexicans who are perceived to be opposed to drug cartels and/or criminal organization," are not before the panel. See Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004) (where claim is not raised or meaningfully argued in opening brief, it is deemed waived).

for CAT claim is required only when there is evidence noncitizen may be tortured for reasons unrelated to withholding of removal claim).

The petition for review is denied.  <u>See</u> 8th Cir. R. 47B.

_____