# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3549

_____

Silvia Carolina Albayero-Gomez; K.Y.A.G.

*Petitioner*s

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: October 21, 2024
Filed: December 20, 2024
[Unpublished]

_____

Before COLLOTON, Chief Judge, GRUENDER and KOBES, Circuit Judges.

_____

PER CURIAM.

Silvia Albayero-Gomez and her minor daughter, K.Y.A.G., are Guatemalan citizens who entered the United States on September 28, 2017. The next day, the Department of Homeland Security charged them with removability as "alien[s] present in the United States without being admitted or paroled." *See* 8 U.S.C. § 1182(a)(6)(A)(i). Albayero-Gomez conceded removability and applied for

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1]

Albayero-Gomez claimed that she was entitled to asylum because she was persecuted on account of membership in a putative particular social group, which she defined as "Guatemalan women who have been threat[ened] due to retaliation against their male partners." She testified that in 2015 her son's father was shot and killed while coming home from work. As far as she knew, no one was arrested or prosecuted for his murder. A few months later, she started living with another man, K.Y.A.G.'s father, who eventually disappeared after receiving two threatening messages. She never contacted police about the second partner's disappearance, even though she thought they might have been able to help her. She did not foreclose the possibility that he left of his own accord. Albayero-Gomez was never directly threatened.

On March 6, 2020, the Immigration Judge denied Albayero-Gomez's application for asylum on multiple bases. First, Albayero-Gomez failed to demonstrate past persecution, given that she never received any direct threats. Second, there was no nexus between her claimed particular social group and the harm she allegedly experienced. Third, her particular social group was not legally cognizable. Fourth, the threats were not made by the Guatemalan government or private actors which the government was unable or unwilling to control. And fifth, she lacked a well-founded fear of future persecution. Next, the Immigration Judge denied Albayero-Gomez's application for withholding of removal because she failed to establish a well-founded fear of future persecution in her asylum application. Lastly, the Immigration Judge denied Albayero-Gomez's application for CAT protection because she had not shown a likelihood that she would be tortured by, or with the acquiescence of, a Guatemalan public official.

---

[1]Albayero-Gomez listed K.Y.A.G. as a derivative beneficiary of her application for asylum and related protection. *See* 8 U.S.C. § 1158(b)(3)(A). Here, K.Y.A.G.'s claims rise and fall with those of her mother.

Albayero-Gomez appealed to the Board of Immigration Appeals ("BIA"). On November 9, 2023, the BIA affirmed the Immigration Judge's decision in a one-page order. The BIA summarily affirmed the denial of asylum and withholding of removal, noting that the Immigration Judge's factual findings were not clearly erroneous and Albayero-Gomez's arguments on appeal were not persuasive. The BIA cited *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), for the proposition that the BIA may summarily affirm an Immigration Judge's decision if the BIA's "conclusions upon review of the record coincide with those which the [I]mmigration [J]udge articulated in his or her decision." *Id.* The BIA also found that she did not meaningfully challenge the denial of CAT protection in her appeal brief and thus waived that challenge. *See Mendez-Gomez v. Barr*, 928 F.3d 728, 734 (8th Cir. 2019) (failure to meaningfully argue a claim on appeal to BIA constitutes waiver). Albayero-Gomez timely appealed, and we affirm.

"[W]e review decisions on asylum, withholding of removal, and CAT protection under the substantial evidence standard, upholding the decision if it is supported by reasonable, substantial, and probative evidence based on the record as a whole." *Calvo-Tino v. Garland*, 107 F.4th 861, 865 (8th Cir. 2024). "We review the [BIA's] legal determinations de novo," and "afford great deference to its factual findings." *Durakovic v. Garland*, 101 F.4th 989, 993 (8th Cir. 2024). To qualify for asylum, a petitioner must show that she is a refugee, *see* 8 U.S.C. § 1158(b)(1)(A), who is unwilling or unable to return to her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *See Tojin-Tiu v. Garland*, 33 F.4th 1020, 1023 (8th Cir. 2022) (quoting 8 U.S.C. § 1101(a)(42)). To qualify for withholding of removal, "a petitioner must show a clear probability that [her] life or freedom would be threatened on the basis of [her membership in a particular social group] if removed to [her country of origin.]" *Calvo-Tino*, 107 F.4th 861 at 865 (alterations in original) (internal quotation marks omitted). A petitioner who "cannot meet the standard for asylum . . . necessarily fail[s] to meet the more rigorous standard for withholding of removal," *id.*, because a petitioner for withholding of removal must also show that she is at risk of harm by

her home country's government or by "private parties that the government is unable or unwilling to control." *See Edionseri v. Sessions*, 860 F.3d 1101, 1105 (8th Cir. 2017). To qualify for CAT protection, a petitioner must show that she is subject to "torture" inflicted "with the consent or acquiescence of a public official." *See Saldana v. Lynch*, 820 F.3d 970, 978 (8th Cir. 2016) (quoting 8 C.F.R. § 208.18(a)(1)).

We begin with the denial of asylum. Albayero-Gomez argues that remand is necessary because the BIA's "decision is so brief that [it] is impossible to meaningfully challenge it in any regard." However, we have previously held that "there is no basis on which to conclude that the BIA failed to review the legal analysis and conclusions" of the Immigration Judge when the BIA cites *Burbano* "for the express proposition that . . . 'the [BIA's] conclusions upon review of the record coincide with those which the [I]mmigration [J]udge articulated in his or her decision.'" *Bejet-Viali Al-Jojo v. Gonzales*, 424 F.3d 823, 827 (8th Cir. 2005) (emphasis removed) (quoting *Burbano*, 20 I. & N. Dec. at 874). Here, the BIA cited *Burbano* for that very proposition. The BIA went further to clarify that the Immigration Judge's "factual findings are not clearly erroneous," and that Albayero-Gomez's "arguments on appeal are not persuasive." Reviewing the BIA's decision *de novo*, and affording great deference to its adoption of the Immigration Judge's factual findings, we see no basis on which to reject the denial of asylum.

We next turn to the denial of withholding of removal. When a petitioner's asylum claim is properly rejected, she "necessarily fail[s] to meet the standard for withholding of removal since relief on this ground also requires showing that the government or private parties that the government is unable or unwilling to control inflicted or will inflict harm." *Edionseri*, 860 F.3d at 1105. The BIA accepted the Immigration Judge's denial of asylum and conclusion that Albayero-Gomez failed to demonstrate that she experienced harm at the hands of the Guatemalan government or private parties which it was unable or unwilling to control. Because Albayero-Gomez does not meet the standard for asylum, she also does not meet the

"more rigorous standard for withholding of removal." *See Calvo-Tino*, 107 F.4th at 865 (internal quotation marks omitted). The BIA correctly denied the petition.

Finally, we address the denial of CAT protection. A petitioner for CAT relief "must show that a public official will consent or acquiesce in the torture." *Edionseri*, 860 F.3d at 1105. Albayero-Gomez argued to the BIA that the Guatemalan government acquiesced to harms committed against women. However, that argument related to her petition for withholding of removal, addressing the element of Guatemala's inability or unwillingness to control *harms*. *See id.* ("[T]he standard for withholding of removal . . . requires showing that the government or private parties that the government is unable or unwilling to control inflicted or will inflict harm."). But the brief did not mention *torture*, which is distinct from *harm* and central to CAT protection. *See generally* 8 C.F.R. § 208.18(a)(1)-(8) (defining "torture" as a particularly severe and intentional infliction of pain, suffering, or cruel and inhumane treatment, to the exclusion of lesser harms). We agree with the BIA that Albayero-Gomez did not meaningfully challenge the denial for CAT protection. Therefore, she has waived this issue. *See Mendez-Gomez*, 928 F.3d at 734.

Petition denied.

_____