# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-1753
_____

Erika Garcia-Temaj; Y.J.G.

*Petitioner*s

v.

Pamela Bondi, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: December 16, 2025
Filed: December 19, 2025
[Unpublished]

_____

Before LOKEN, ERICKSON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Guatemalan natives and citizens Erika Garcia-Temaj and her minor child, Y.J.G., petition for review of an order of the Board of Immigration Appeal (BIA). An immigration judge denied Garcia-Temaj's applications for asylum, withholding of

removal, and protection under the Convention Against Torture (CAT), and the BIA dismissed her appeal from that decision.[1]

We conclude that the agency properly denied asylum and withholding of removal. We agree with the government that any challenge to whether Garcia-Temaj experienced past persecution is unexhausted and waived, as the BIA deemed her to have waived any argument, and she does not challenge that determination. See Santos-Zacaria v. Garland, 598 U.S. 411, 423 (2023); Essel v. Garland, 89 F.4th 686, 691 (8th Cir. 2023); Martinez-Galarza v. Holder, 782 F.3d 990, 994 (8th Cir. 2015); Pinos-Gonzalez v. Mukasey, 519 F.3d 436, 440 (8th Cir. 2008); Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004). As to whether she established a well-founded fear of future persecution, we agree with the government that she failed to exhaust the dispositive issue of whether internal relocation would be reasonable, as the BIA also deemed her to have waived that issue in the counseled agency proceedings, and she does not challenge that finding. See Guatemala-Pineda v. Garland, 992 F.3d 682, 685 (8th Cir. 2021). In any event, the record does not compel the conclusion that internal relocation would be unreasonable, see Padilla-Franco v. Garland, 999 F.3d 604, 608-09 (8th Cir. 2021) (standard of review); De Castro-Gutierrez v. Holder, 713 F.3d 375, 380 (8th Cir. 2013), or that she had an objectively reasonable fear of particularized persecution, see Tegegn v. Holder, 702 F.3d 1142, 1145 (8th Cir. 2013). Because the failure to demonstrate past persecution or a well-founded fear of persecution is dispositive of her claims for asylum and withholding of removal, we do not reach the other issues raised, including whether she established a nexus to a protected ground. See Cano v. Barr, 956 F.3d 1034, 1040 & n.4 (8th Cir. 2020).

---

[1]Y.J.G. was a derivative applicant on Garcia-Temaj's asylum application. See 8 U.S.C. § 1158(b)(3)(A); Fuentes v. Barr, 969 F.3d 865, 868 n.1 (8th Cir. 2020) (per curiam).

Furthermore, even assuming Garcia-Temaj did not waive review of her CAT claim by failing to meaningfully challenge the agency's dispositive findings, see Moallin v. Barr, 980 F.3d 1207, 1209, 1211 (8th Cir. 2020); Chay-Velasquez, 367 F.3d at 756, we conclude that substantial evidence supports the denial of the claim, especially considering that it was based on the same grounds as her claims for asylum and withholding of removal, see Calvo-Tino v. Garland, 107 F.4th 861, 867 (8th Cir. 2024); Martin v. Barr, 916 F.3d 1141, 1145 (8th Cir. 2019).

Accordingly, we deny the petition for review, and we deny as moot Garcia-Temaj's motion to supplement the record. See 8th Cir. R. 47B.

_____