# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2699

_____

Francisca Lopez-Lopez; Mateo Eleodoro Lopez-Lopez

*Petitioner*s

v.

Todd Blanche, Acting Attorney General of the United States[1]

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: April 30, 2026
Filed: May 5, 2026
[Unpublished]

_____

Before SHEPHERD, ERICKSON, and KOBES, Circuit Judges.

_____

PER CURIAM.

Guatemalan citizen Francisca Lopez-Lopez and her son Mateo Eleodoro Lopez-Lopez petition for review of an order of the Board of Immigration Appeals

_____

[1]Todd Blanche is automatically substituted as respondent in place of Pamela Bondi pursuant to Federal Rule of Appellate Procedure 43(c)(2).

(BIA), which dismissed her appeal from an immigration judge's decision denying asylum and withholding of removal.[2] The immigration judge concluded, in part, that Lopez-Lopez did not demonstrate the required nexus and did not demonstrate that the Guatemalan government would be unable or unwilling to protect her. The BIA deemed her to have waived review of both determinations because she failed to meaningfully challenge them. Lopez-Lopez argues that the BIA erroneously invoked its waiver rule and therefore also should have addressed her arguments on the other elements of her claims.

We agree with the government that, because the BIA properly invoked its waiver rule, Lopez-Lopez, who was represented by counsel before the agency, failed to exhaust a challenge to the determinations. See 8 U.S.C. § 1252(d)(1) (requiring administrative exhaustion); Santos-Zacaria v. Garland, 598 U.S. 411, 423 (2023) (discussing exhaustion requirement); Essel v. Garland, 89 F.4th 686, 691 (8th Cir. 2023) (enforcing court-imposed exhaustion requirement when petitioner's counsel failed to present specific argument to BIA); Pinos-Gonzalez v. Mukasey, 519 F.3d 436, 440-41 (8th Cir. 2008). Although she challenged the immigration judge's finding that her proposed particular social groups were not cognizable, she did not challenge the separate nexus finding, namely that the men she feared were primarily motivated by money. See 8 U.S.C. § 1158(b)(1)(B)(i) (setting out "one central reason" nexus standard); Tojin-Tiu v. Garland, 33 F.4th 1020, 1023 (8th Cir. 2022) (differentiating between cognizability and nexus); Martinez Carcamo v. Holder, 713 F.3d 916, 925 & n.6 (8th Cir. 2013) (discussing exhaustion); 8 C.F.R. § 1003.3(b) (describing requirements for BIA filings). We also agree with the BIA that she failed to meaningfully challenge the determination that the Guatemalan government was unable or unwilling to protect her. See Martinez Carcamo, 713 F.3d at 925. Further,

---

[2]Mateo was a derivative applicant on Lopez-Lopez's asylum application. See 8 U.S.C. § 1158(b)(3)(A); Fuentes v. Barr, 969 F.3d 865, 868 n.1 (8th Cir. 2020) (per curiam).

because that issue is factual, see Menjivar v. Gonzales, 416 F.3d 918, 921 (8th Cir. 2005); Matter of M-S-I-, 29 I. & N. Dec. 61, 62 (BIA 2025), the BIA had no obligation to consider the country reports de novo, see Garcia-Mata v. Sessions, 893 F.3d 1107, 1110 (8th Cir. 2018); 8 C.F.R. § 1003.1(d)(3)(i)-(ii), (iv).

Because these issues each independently disposed of her claims for asylum and withholding of removal, see Coreas-Chavez v. Garland, 52 F.4th 413, 416 (8th Cir. 2022); Tino v. Garland, 13 F.4th 708, 710 (8th Cir. 2021) (per curiam), the BIA did not err by declining to address her other arguments, see INS v. Bagamasbad, 429 U.S. 24, 25 (1976) (per curiam).

Accordingly, we deny the petition for review.  See 8th Cir. R. 47B.

_____